Sherwood v. Hooker.

---

---

### SHERWOOD vs. HOOKER and others.

Where a decree allows a mortgagor to redeem, on paying the amount to be reported due to the mortgagee, within a specified time after the confirmation of the master's report, but omits to declare what shall be the effect of an omission to redeem, the construction and effect of such a decree is, that if the party fails to pay the money within the time specified, his right to redeem is barred.

THE decree of the chancellor in this case, as reported in 8th Paige's Reports, 633, having been reversed by the court for the correction of errors, that court made a decree permitting the complainant to redeem the premises on paying the amount which should be reported due to Hooker, by the master, within thirty days after the confirmation of the report; but the decree, as modified and entered, omitted to declare what should be the effect of the omission of the complainant to redeem. The complainant having neglected to pay the amount reported due by the master, within the thirty days, Hooker presented a petition praying for a further decree or order, correcting the omission.

*W. C. Noyes*, for petitioner, cited *Perine* v. *Dunn*, (4 *John. Ch. Rep.* 140;) *Clark* v. *Hall*, (7 *Paige*, 382;) *Palm. Pr. House of Lords*, 58.

*S. Sherwood*, complainant, in person.

The CHANCELLOR made an order declaring the construction and effect of the decree of the court of errors to be that if the complainant did not pay the money, within the time specified, he should be barred from all claim and equity of redemption in the premises. And he extended the time for redemption for thirty days, and directed that if the complainant failed to redeem within that time he should be foreclosed.