## KIMBALL *v.* SLOSS.

Errors relied upon for the reversal of a judgment, must, under the R. S. 1852,
   be assigned specifically.
Errors, by the R. S. 1852, are to be assigned of matters of law only.
A bill of exceptions, purporting to set out the evidence, closed as follows :
   "Which was all the evidence or proof given on the trial in support of the
   plaintiff's complaint or claim; and it is admitted of record that no fact in
   issue was admitted by the defendant." *Held,* that it did not appear that all
   the evidence was embodied in the record, in compliance with rule 30 of the
   Supreme Court.

APPEAL from the *Steuben* Court of Common Pleas.

STUART, J.—The first error assigned is the general as-
signment, that the judgment is for *Sloss*, when by law, &c.,
it should have been for *Kimball.*  This error raises no ques-
tion for our consideration.  It is too general.  There must
be a specific assignment of all errors relied upon.  2 R. S.
161.

2. The second error assigned is of matter of fact.  Er-
rors are to be assigned of matters of law only.  2 R. S.
161.

3. The third error assigned is, that the evidence did not

May Term, 1856.

authorize the verdict. The bill of exceptions purporting to set out the evidence, closes thus: " Which was all the evidence or proof given on the trial in support of the plaintiff's complaint or claim; and it is admitted of record that no fact in issue was admitted by the defendant." That is not a compliance with the 30th rule. It does not appear but that the defendant may have offered important evidence. The bill of exceptions does not pretend to go further than the evidence offered by the plaintiff.

*Per Curiam.*— The judgment is affirmed, with 10 per cent. damages and costs.

*A. Ellison*, for the appellant.