May Term,
1858.

KING
v.
WILKINS.

*Friday,*
*May* 28.

---

### KING *v.* WILKINS and Others.

Assignment of error as follows: "That the Court below dismissed the plaintiff's bill, and gave judgment for the defendants, when by the law, said Court should have given judgment for the plaintiff. *Held,* bad.

*Friday,*
*May* 28.

APPEAL from the *Vigo* Circuit Court.

WORDEN, J.—This was a bill in chancery, filed under the old practice, but heard and determined under the new. The object of the bill was to secure certain property claimed to be due the complainant for rent, and to enjoin the sale of the same.

The cause was tried by the Court, and there was a finding for the defendants. Motion for a new trial made and overruled; and judgment for defendants on the finding.

The plaintiff duly excepted to the decision of the Court overruling the motion for a new trial, and took a bill of exceptions setting out the evidence. This is all the exception there was taken in the Court below.

The only error assigned is, "that the Court below dismissed the plaintiff's bill, and gave judgment for the defendants, when by the law, said Court should have given judgment for the plaintiff."

Passing over the fact that the exception was taken to

one ruling of the Court, and the error assigned is upon another, we think the above assignment of error is wholly insufficient. The statute requires a *specific* assignment of all errors relied upon. 2 R. S. p. 161, § 568. Questions under this section have frequently been before this Court. The case of *Kimball* v. *Sloss*, 7 Ind. R. 589, is directly in point, where the error assigned was, that the judgment was for *Sloss* when by law it should have been for *Kimball*. It was held that the error assigned raised no question for the consideration of the Court.

May Term, 1858.

That case is decisive of the present.

*Per Curiam.*—The judgment is affirmed with costs.

*A. Kinney*, for the appellant.

*T. H. Nelson*, for the appellees (1).

