## TRUITT ET AL. *v.* TRUITT.

PRACTICE.—*Change of Venue.—Rule of Court.*—A party who enters a voluntary appearance to an action, after the day set for trial of the cause, is not subject to a rule of court requiring application for a change of venue to be made before that day.

JUDGMENT.—*Personal.—In Rem.*—A judgment against defendant in a proceeding *in rem* to enforce a lien on land is not void because no personal judgment is taken against the defendant on his personal obligation secured by such lien.

BANKRUPTCY.—*Discharge.—Lien.*—A discharge in bankruptcy does not release a mortgage or other lien on property created prior to the commencement of the proceeding, nor prevent the enforcement of the lien.

REAL ESTATE.—*Lis Pendens.*—A party purchasing land pending a proceeding affecting the title thereto acquires no new rights against the plaintiff in the action, and his title is subject to the decree rendered.

APPEAL from the Delaware Circuit Court.

BUSKIRK, J.—The complaint in this action was as follows: "Minor Truitt, plaintiff, complains of Joshua Truitt, Annie A. Truitt, and Elijah J. Walden, defendants, and says that on the first day of January, in the year 1866, the said defendant, Joshua Truitt, by his note, a copy whereof is herewith filed and made a part of this complaint, promised to pay to the order of the plaintiff the sum of twenty-four hundred dollars, two years after the date thereof, which is now due and wholly unpaid.

Truitt *et al. v.* Truitt.

"Plaintiff says that on the 20th day of January, in the year 1869, in an action then and theretofore pending in this court, wherein Minor Truitt, this plaintiff, was plaintiff, and the said defendants, Joshua Truitt and Annie A. Truitt, were defendants, it was by this court considered, adjudged, and decreed against said defendants, that the northwest quarter, containing one hundred and sixty acres, and the west half of the northeast quarter, containing eighty acres, all being in section twenty-one (21), in township twenty-two (22), north of range nine (9), east, in Delaware county, Indiana, were liable for the payment of the debt evidenced by the note aforesaid, and that a lien existed upon said realty for and to the amount of the debt aforesaid; and further, it was decreed by the court in the said cause, that a deed of conveyance for said premises, executed by the State of Indiana, by Thomas B. McCarty, her Auditor of State, on the 10th day of February, in the year 1868, to the said Annie A. Truitt, purporting to convey said premises to the said Annie, and constituting the sole evidence of her title thereto, as to the debt aforesaid, and as to this plaintiff, was and is fraudulent and void, and that said premises were liable to sale for the payment of said debt and note. A copy of the said proceedings of the court is also herewith filed and made a part of this complaint.

"Plaintiff also states that during the pendency of the suit herein before mentioned, and before the rendition of said decree, the said Annie A. Truitt and Joshua Truitt, her husband, executed and delivered to the said Elijah Walden a deed purporting to convey to the said Walden the premises herein before described, to wit, on the 19th day of October, in the year 1868, which has been recorded in the office of the Recorder of Delaware county, Indiana, in Book ——, page ——, of the records of deeds of said county.

"Wherefore, plaintiff demands judgment for three thousand dollars for his said debt, for the sale of said real estate, or so much thereof as may be necessary to pay said debt, with

interest and costs, and for other and such further relief as equity and good conscience shall dictate."

To this complaint Joshua Truitt filed his separate answer, in three paragraphs; first, the general denial; second, that on the 8th day of July, 1868, he received his discharge in bankruptcy, and filed with his answer a copy of his certificate of discharge in bankruptcy; third, as to five hundred dollars of the note, usury.

Annie A. Truitt filed her separate answer, in two paragraphs; first, the general denial; second, a disclaimer of all interest in the land and suit.

Elijah Walden and Annie A. Truitt filed a joint answer, in four paragraphs; first, the discharge of Joshua Truitt in bankruptcy; second, that five hundred dollars of the note sued on was for usurious interest; the third set out the purchase of the land by Colgrove and Coffeen, the assignment of the certificate to Joshua Truitt, the assignment of the certificate by Joshua to Minor, the failure to pay the interest, and consequent forfeiture of the land to the State, the resale of the land by the State, and the purchase thereof by Annie A., the execution of the deed by the State to Annie A., and the sale and conveyance of the same by Annie A. to her co-defendant, Walden; fourth, that as to six hundred dollars of the note sued on, the same was illegal, it being for usurious interest.

The court overruled a demurrer to the second and third paragraphs of the separate answer of Joshua Truitt, and the plaintiff excepted.

The court sustained a demurrer to the first, second, and fourth paragraphs of the joint answer of Walden and Annie A. Truitt, and the defendants excepted, and overruled it as to the third paragraph, and the plaintiff excepted.

The plaintiff replied by a denial to the second and third paragraphs of the separate answer of Joshua Truitt; and to the third he replied the bankruptcy of Joshua, and the appointment of an assignee in bankruptcy.

To the third paragraph of the joint answer of Walden and

Annie A. Truitt, the plaintiff replied, first, in denial; and, second, that the matters set up were involved and determined in an action wherein Minor Truitt was plaintiff, and the said Joshua and Annie A. Truitt were defendants, a copy of which judgment was filed.

The court overruled a demurrer to the second paragraph of the reply to the separate answer of Joshua, and to the second paragraph of the reply to the fourth paragraph of the joint answer of Walden and Annie A. Truitt; and the defendants excepted.

Elijah Walden, upon his affidavit, moved the court for a change of the venue of the said cause from Delaware county; but the court refused to entertain the motion, and Walden excepted.

The cause was, by the agreement of the parties, submitted to the court for trial, who rendered a finding for the plaintiff.

The defendants moved the court for a new trial, and assigned as reasons therefor the following: first, the refusal of the court to grant a change of venue; second, that the finding of the court is not sustained by sufficient evidence; third, the finding of the court is contrary to law; fourth, the court erred in rendering judgment against Joshua Truitt, he being discharged as a bankrupt. The motion was overruled, and the defendants excepted.

The court thereupon rendered a decree that the land described in the complaint should be sold to satisfy and discharge the lien which the plaintiff held thereon by virtue of the assignment of the said certificate of purchase, and the former decree of the court in the case referred to and made a part of the reply to the fourth paragraph of the joint answer of Walden and Annie A. Truitt; and that the said land should be sold to satisfy and discharge such lien.

The appellants have assigned the following errors:

"First. The court erred in refusing to entertain the motion of Elijah J. Walden, one of the defendants, made upon affidavit, for a change of venue, made during the term, to wit, on the 14th day of May, 1869, the day that he entered his

appearance, the term having begun on the 19th of April, 1869.

"Second. The court also erred in rendering judgment against Joshua Truitt, one of said defendants, he (said defendant) having pleaded and proved that he was a properly. certified bankrupt on the eighth day of July, 1868.

"Third. The court also erred in finding for, and rendering judgment in favor of, plaintiff, the appellee, when by the law of the land, the finding and judgment should have been for the appellants.

"Fourth. In overruling the appellants' motion for new trial."

The first, second, and third assignments do not amount to valid assignments of error, and present no question for our decision. The first, and probably the second, were valid reasons for a new trial. The third does not constitute a reason for a new trial or an assignment of error. *Kimball* v. *Sloss,* 7 Ind. 589; *Hollingsworth* v. *The State,* 8 Ind. 257; *Boswell* v. *The State, id.* 499; *King* v. *Wilkins,* 10 Ind. 216; *Abraham* v. *Chase,* 11 Ind. 513; *Gallettley* v. *Barrackman,* 12 Ind. 379.

The fourth assignment of error presents for our decision the correctness of the ruling of the court in overruling the motion for a new trial, and this assignment, under the motion for a new trial, presents only two questions; and they are, first, did the court err in refusing a change of venue? and second, is the finding of the court sustained by sufficient evidence?

The term of court in which the proceedings in this cause took place commenced on Monday, the 19th day of April, 1869. On the third judicial day of said term, a rule was entered against Joshua and Annie A. Truitt, to answer in this cause, and on the same day, a motion was made, by the plaintiff, based upon the affidavit of one of his attorneys, for a rule against the sheriff of Madison county, to show cause why he should not be attached for failing to serve and return the summons against Elijah J. Walden, one of the defendants in this cause. The order was made. On the

14th day of May, 1869, that being the seventeenth judicial day of said term, the said Walden appeared to the action, and jointly with Annie A. Truitt filed an answer. It is not shown in the record whether he had been served with process or voluntarily entered his appearance. The plaintiff demurred to the answer. The court sustained the demurrer to all the paragraphs except the third. The plaintiff replied in two paragraphs. The defendants demurred to the second paragraph, and the demurrer was overruled, and the defendants excepted. It appears by a bill of exceptions that the appellant, Elijah J. Walden, on the 14th day of May, 1869, while the said cause was depending for trial, and before the trial was commenced filed his motion, supported by his affidavit, for a change of the venue from the county of Delaware, on the grounds that the plaintiff had undue influence over the citizens of said county, and that an odium attached to the cause of defence, on account of local prejudice; and that the court refused to entertain such motion, to which refusal the defendant excepted at the time.

The following agreement is entered on the record in this cause, namely:

"It is agreed by the parties, to be considered a part of the within and foregoing record, as follows: That at the time of the refusal of said circuit court to entertain the affidavit for change of venue in said cause, shown from line thirty-eight to line forty-seven, of page forty-seven, of said record, the following rules of said court had been adopted by said court, and were in full force, to wit:

"Rule 9. An application to change the venue in a cause will not be entertained after the day it is docketed for trial.

"Rule 10. Nor will such application be entertained after the party making the same has applied for a continuance which has been overruled.

"Rule 11. This rule is applicable to criminal, as well as civil causes, and applies to changes from the judge as well as from the county.

"Rule 12. The application of this rule may be suspended

whenever in the opinion of the court the ends of justice would thereby be promoted.

"And it is further agreed as a part of this record, that said refusal of the court to entertain said motion for change of venue was because of said rules.

"MARCH, BROTHERTON, and SHIPLEY, for appellee.

"THOMAS J. SAMPLE, for appellants."

It is maintained by the counsel for the appellants that the above agreement does not make the rules of the court below a part of the record, and that they can only become a part of the record by a bill of exceptions; and in support of this position he refers to the case of *The City of Indianapolis* v. *Parker*, 31 Ind. 230.

We cannot give our sanction to this position. We concede that the usual mode of making a paper a part of the record, that does not by the statute constitute a part of the record, is by a bill of exceptions, but this right may be waived by the agreement of the parties. The learned counsel for the appellants had the right to insist upon a bill of exceptions, but he waived that right by entering on the record his written consent that the rules should be considered as a part of the record. We must hold him to his agreement. The statute makes such agreements binding upon the parties. 2 G. & H. 328, sec. 772. The case referred to in 31 Ind. is not in point. The only point decided in that case was, that this court would not consider a reason for a new trial that was not assigned as such in the court below. Suppose that the parties had, in that case, entered of record an agreement that the motion for a new trial had contained, as a reason, that the finding was excessive, can it be doubted that this court would have regarded it as a part of the record?

It is next insisted that the court did not possess the power to adopt such rules, and that they are, therefore, void. Sec. 14 of the code, 2 G. &. H. 8, provides, that "the said courts shall adopt rules for conducting the business therein, not repugnant to the laws of this State."

It is claimed that the rules under consideration are repugnant to section 207 of the code, 2 G. & H. 154, which gives a party a right to a change of venue. The position assumed and argued is, that as the statute providing for and giving the right to change the venue does not limit the time when the application shall be made, the court does not possess the power to do so.

It was held by this court, in the case of *Vail* v. *McKernan,* 21 Ind. 421, that such a rule was not repugnant to the statute. The court say: "One other point. Vail applied for a change of venue on the day the cause was set for trial. A rule of court required such application to be made, at least, one day before the day on which the cause, in which the change was applied for, was set for trial. We see nothing unreasonable in this rule. It strikes us as judicious; and the court, both inherently and by statute, has power to prescribe reasonable rules for the regulation of business therein."

It was held by this court, in the case of *Redman* v. *The State,* 28 Ind. 205, that such a rule was not repugnant to the statute, but was eminently proper. The court say: "It is insisted by the appellant's counsel that it was the imperative duty of the court, under the statute, to grant the change of venue for the cause stated in the affidavit; that the statute does not limit the time within which the application shall be made, and therefore that it is the right of the accused to make it at any time before the commencement of the trial, and that the rule of the court abridging such right is inconsistent with the statute, and void."

Again it is said, after quoting the statute and the rule of court, "the rule of court, copied above, though a rigid one, we do not think is repugnant to the statute. It does not deny the right of the party to demand a change of venue for causes specified in the statute, but only limits the time in the progress of the cause, in which the application must be made, in reference to which the statute is silent."

The above ruling was followed in the cases of *Galloway* v.

*The State*, 29 Ind. 442, and in *Reitz* v. *The State, ex rel. Holden*, 33 Ind. 187.

We are inclined to adhere to and follow the former rulings of this court on the point under consideration, and, therefore, hold that the rules under consideration are not repugnant to the statute, but are valid.

It is also claimed by the appellants that, conceding that the rules are not repugnant to the statute and are in the record, they should not apply and govern the case under consideration, for the reason that Walden was not a party to the record, and, therefore, not bound by the rules of the court until he entered his appearance on the seventeenth judicial day of said term. It is, in other words, maintained that the rules of court can only operate upon a party who has been duly served with process, or against whom publication has been made, or who has voluntarily and in writing waived the issuing and service of process and entered his appearance to the action, or who has entered his appearance in open court before the day on which the cause is docketed for trial.

It is, on the other hand, maintained by the appellee, that when Walden entered his appearance to the action on a day subsequent to the day on which the case was docketed for trial, he is to be charged with notice of the rules of the court, and that he took his position in the case subject to the disabilities imposed by such rules.

We have not been referred to any authority upon this point, and we have been unable to find any that is in point. It is a new question of practice, and we have tried to adopt such a rule of practice as will, on the one hand, not deprive a party of any substantial right secured to him by the statute, and, on the other hand, will not be the means of securing unreasonable delays by an evasion of the rules of the court.

Section 207 of the code, 2 G. & H. 154, gives a party a right to a change of the venue in civil cases. It has been repeatedly held by this court that the word "may," as used

Truitt *et al. v.* Truitt.

in that section, should be construed shall, and that the duty
of the court to change the venue is imperative and not dis-
cretionary. In the absence of a rule of court limiting this
right, a party would be entitled to demand and receive a
change of venue at any time before the commencement of
the trial of the cause. A rule of court which deprives a
party of a right secured by the law would be absolutely
void, but we are of the opinion that the court may regulate
the time when such right shall be exercised by a party who
has, in any of the modes above indicated, been subjected to
the jurisdiction of the court. But we are also of the opin-
ion that such a rule should not operate on a party who has
entered his appearance after the day the cause was docketed
for trial, and who had, in none of the above modes, sub-
jected himself to the jurisdiction of the court. Every per-
son is presumed to know the law, and is bound, at his peril,
to take notice of the law, but the rules of court can only
operate on parties who are in court. It is provided by sec-
tion 358, that "the clerk shall keep an entry docket, wherein
he shall enter all actions in the order in which they are
brought." 2 G. & H. 216. It is also provided by section
359 of the code, 2 G. & H. 216, that "the clerk shall docket
as many actions for each day as, in his opinion, will be dis-
posed of by the court, and they shall be called for trial in
their order on the docket," etc.

The above section should be construed in connection with
section 315 of the code, 2 G. & H. 194, which provides, that
"every action shall stand for issue and trial at the first term
after it is commenced, when the summons has been served
on the defendant ten days, or publication has been made
for thirty days, before the first day of the term."

While it is made the duty of the clerk to docket every
case that is entered on the entry docket, as provided in
section 358 of the code, the case does not stand for issue
or trial without service of process, or publication of no-
tice. A defendant who has not been served or notified may
appear to the action, and if he does so before the day the

case is docketed for trial, then he must comply with the rules of the court as to the time when application shall be made for a change of venue; but it would, in our opinion, be a hard and unreasonable rule to deprive a party, who voluntarily enters his appearance, of a right secured to him by positive law. Under such a rule, no party would voluntarily enter his appearance after the day on which the cause was docketed for trial, and this would cause delay instead of expediting the trial of the cause.

We are of the opinion that the court erred in refusing to entertain the application of Walden for a change of venue, and for this error the judgment must be reversed.

There are some other errors assigned, which will arise upon another trial, and we will therefore pass upon them.

It is next claimed that the decree of the court is void, because there was no personal judgment against Joshua Truitt on the note. We think otherwise. The court found the amount due on the note, and rendered a decree for the sale of the land to satisfy the amount so found to be due. It was not necessary that there should have been a personal judgment to sustain a decree *in rem.* A party may take a decree for the foreclosure of a mortgage, or the enforcement of a mechanic's lien, without a personal judgment over against the party liable. This was a proceeding *in rem*, to enforce a lien on the land, and we are unable to see how the defendants have been injured by the failure to take a personal judgment also. This remedy will be exhausted when the land is sold, and the liability of Joshua Truitt will end with the sale of the land. This would be the case if he had not been discharged in bankruptcy.

It is next claimed that the court erred in rendering a decree for the sale of the land to discharge the lien thereon against the appellant Joshua Truitt, who had pleaded and proved his discharge in bankruptcy.

We are of a different opinion. The discharge of a party in bankruptcy does not release a mortgage or lien on real property, which had been created prior to the commence-

ment of the proceedings in bankruptcy, nor does such discharge deprive the party holding such lien from enforcing the same. Bump Law and Prac. Bankrup. 160, 445.

A party that has a lien upon property fraudulently conveyed away by the bankrupt may prosecute a suit to enforce it, instituted before the commencement of the proceedings in bankruptcy, even though the discharge is pleaded in bar of the suit. *Payne* v. *Able,* 4 Bankrup. Reg. 67; S. C. 18 Pitts. Law J. 101.

If the court had rendered a personal judgment against Joshua Truitt, after he had pleaded and proved his discharge in bankruptcy, it would have been erroneous, but we see no error in rendering a decree *in rem* for the sale of land to satisfy a lien which was created prior to the commencement of the proceedings in bankruptcy.

Walden, having purchased the land in dispute pending an action involving the title thereto, acquired no title thereto as against the plaintiff. It was said by this court in *Green* v. *White,* 7 Blackf. 242, that "the principle is now too well settled to be even doubted, that a *lis pendens,* duly prosecuted, is notice to a purchaser, so as to affect and bind his interest by the decree. In *Worsley* v. *The Earl of Scarborough,* 3 Atk. 392, it was said that all people are supposed to be attentive to what passes in a court of justice, and it is to prevent a greater mischief that would arise by people's purchasing a right under litigation and then in contest, that this principle has been established. See, also, 2 Sugd. Vend. 281. A purchase of a right which is undergoing a judicial investigation is a fraud upon the plaintiff, and is so far considered a nullity that it cannot avail against his title." See *Murray* v. *Lylburn,* 2 Johns. Ch. 441.

A party who purchases property pending litigation respecting such property takes the title subject to the rights of the plaintiff as determined in such action. In the action that was pending when Walden purchased the land in dispute, the court decreed that the title of Annie A. Truitt was fraudulent and void as against the plaintiff, and that he had a

lien thereon to secure the payment of the sum due him from Joshua Truitt. Walden, therefore, holds the title to the land subject to the prior and paramount equities of the plaintiff. This case is a sequel to a case decided at this term (37 Ind. 514), wherein the plaintiff in this action was the plaintiff, and Joshua and Annie A. Truitt were defendants.

The judgment is reversed, with costs; and the cause is remanded, with directions for further proceedings in accordance with this opinion.

*T. J. Sample*, for appellants.

*W. March, W. Brotherton,* and *C. E. Shipley*, for appellee.