## THE TRAVELLERS' INSURANCE COMPANY *v.* LEEDS.

PRACTICE.—*Judge pro Tem.*—Where a motion for a new trial is heard by one acting as judge *pro tem.,* who did not hear the evidence, and a bill of excep-tions is signed by him in vacation, no reason being shown why the regular judge who heard the evidence did not sign the same, the bill of exceptions will be disregarded.

APPEAL from the Howard Circuit Court.

DOWNEY, J.—Suit by the appellee against the appellant on a policy of insurance by which the defendant insured the plaintiff against loss or damage from accident. The cause was tried at the November term, 1869, and there was a ver-dict for the plaintiff, and a motion was made for a new trial. On a subsequent day of the term, this motion was heard and overruled by Hon. D. Moss, judge *pro tem.,* and sixty days given in which to file a bill of exceptions. The bill of ex-ceptions was filed on the 5th day of February, 1870, in vacation, signed by Mr. Moss.

A motion is made to strike the bill of exceptions from the record, for the reason that it could not be properly signed by Moss.

We are of the opinion, that as it is not shown that the bill of exceptions, containing the evidence given on the trial when the regular judge was presiding, could not be signed by him; and as Mr. Moss did not hear the evidence as judge, at the trial, he could not sign the bill of excep-tions in vacation, after the close of the term in which he pre-sided, setting forth the evidence and what occurred during

The Travellers' Insurance Company *v.* Leeds.

the trial; and are, therefore, of the opinion that the bill of exceptions is not properly a part of the record.

There being no question made in this case by the appellant, except as to errors alleged to have occurred during the trial, which could only be shown by the bill of exceptions, and the bill of exceptions not being properly in the record, we cannot consider such questions or reverse the judgment.

The judgment is affirmed, with costs.

*R. Vaile, J. W. Gordon, T. M. Browne,* and *R. N. Lamb,* for appellant.

*J. H. Kroh* and *C. N. Pollard,* for appellee.