## FRAZIER *v.* HARRIS.

PRACTICE.—*Supreme Court.*—*Record.*—It is not necessary that the copy of a deed which is the foundation of an action should immediately follow the complaint in the record; it sufficiently appears of record that the copy was filed with the complaint, if it is set out in the bill of exceptions, and the clerk states in the record, immediately after the complaint, that the deed marked filed with the complaint thereafter appears in the record in the bill of exceptions.

SAME.—*Assignment of Error.*—*Motion for New Trial.*—An assignment of error that the court below erred in overruling a motion for a new trial, and in rendering judgment, for the reason that the complaint did not state facts sufficient to constitute a cause of action, is not a general allegation that the court erred in overruling the motion for a new trial; and, if it presents any question, it is as to the sufficiency of the complaint.

CHAMPERTY.—*Vendor and Purchaser.*—The purchase of land pending a suit to enforce a lien thereon is not void as being champertous.

From the Grant Circuit Court.

*J. U. Pettit, A. Taylor, J. VanDevanter, J. F. McDowell* and *D. V. Burns,* for appellant.

*J. Brownlee,* for appellee.

DOWNEY, J.—This was an action by the appellee against the appellant, for a breach of the covenants in a warranty deed of real estate. It is alleged that the real estate was encumbered when sold and conveyed, and that the plaintiff

was compelled to and did pay off the incumbrance to prevent a sale of the land.

The complaint was held good on demurrer. The defendant answered in twelve paragraphs. The plaintiff demurred to all the paragraphs except the first, which was a general denial. The demurrers were sustained to the fourth, fifth, sixth, seventh, ninth, tenth, eleventh and twelfth, and overruled as to the second, third and eighth; reply in denial of the second, third and eighth; also a second paragraph of reply to the third paragraph of the answer, a demurrer to which reply was filed and overruled. There was a trial by the court, a finding for the plaintiff, a motion for a new trial overruled, and final judgment for the plaintiff on the finding.

The first alleged error is the overruling of the demurrer to the complaint. The second, third, fourth, fifth, sixth, seventh and eighth assignments are based on the rulings of the court sustaining the demurrers to the fourth, fifth, sixth, seventh, ninth, tenth and twelfth paragraphs of the answer. The ninth alleges error in overruling the demurrer to the second paragraph of the reply to the third paragraph of the answer. The tenth, eleventh and twelfth assignments present no question. The thirteenth is as follows:

"The court erred in overruling the appellant's motion for a new trial, and in rendering judgment for appellee, for the reason that the complaint, as amended, does not state facts sufficient to constitute a cause of action."

The first objection urged to the complaint is, that the copy of the deed on which it is founded is not found immediately following it in the record. The deed is set out *in extenso* in the bill of exceptions, and the clerk states in the record, immediately after the complaint:

"The deed of the defendant Frazier and wife to the plaintiff, Noah Harris, as marked filed with the above complaint, hereafter appears in the record in the bill of exceptions." We think it sufficiently appears that the copy of the deed was filed with the complaint, and that there is no substantial

objection to the complaint on this ground.    *Smith* v. *Lisher,.*
23 Ind. 500; *Kesler* v. *Myers*, 41 Ind. 543.

It is further objected to the complaint, that it is bad for
the reason that it shows that the plaintiff bought the land of
the defendant pending a suit concerning it, and that there-
fore the sale and the deed were void.    Counsel quote 4 Kent
Com. 449, where he says:

"It is the settled doctrine in England and in New York,
and probably in most of the other states, that the purchase
of land pending a suit concerning it is champerty; and the
purchase is void, if made with a knowledge of the suit, and
not in consummation of a previous bargain."

The question was before this court in *West* v. *Raymond,.*
21 Ind. 305; and *Rowe* v. *Beckett,* 30 Ind. 154; *Truitt* v.
*Truitt,* 38 Ind. 16, and cases cited; *Kern* v. *Hazlerigg,* 11
Ind. 443.

In the case we are considering, the incumbrance on the
land was a lien, and an action had been commenced to
enforce the lien, and was pending when the deed was made
on which the action is founded.    The title or ownership of
the land was not in controversy.    It does not appear from
the complaint that the plaintiff, when he purchased the land,
had any actual notice of the pending action to enforce the
lien.    In the case of *Jackson* v. *Ketchum,* 8 Johns. 479,
referred to by Chancellor Kent, the pending action was
ejectment, and a verdict had been returned by the jury, of
which the purchaser had notice when the conveyance was
made.    Kent, in the passage quoted by counsel, says the
purchase is void, if made with a knowledge of the suit,
etc.    We think the facts disclosed in the complaint do not
show that the deed was void on account of the pendency of
the action to enforce the lien.

Counsel do not attempt to sustain any of the paragraphs
of the answer to which demurrers were sustained, except the
sixth.    We think this paragraph was insufficient and unnec-
essary.    The same matter is in other paragraphs which were
held good.    We do not deem it necessary to copy the para-

graphs in this opinion. Counsel do not urge the ninth assignment of error. We see nothing in it.

The thirteenth assignment does not allege generally that the court erred in overruling the motion for a new trial, but it states that the court erred in overruling the motion for a new trial, and in rendering judgment for appellee, for the reason that the complaint, as amended, does not state facts sufficient to constitute a cause of action. If the assignment in this form presents any question, it is the question as to the sufficiency of the complaint, and that has already been considered and decided.

The judgment is affirmed, with three per cent. damages and costs.

Petition for a rehearing overruled.