No. 9511.

FINCH ET AL. *v.* THE TRAVELLERS INSURANCE COMPANY.

SUPREME COURT.—*Assignment of Error.*—An assignment of error, that the court below erred in rendering judgment in favor of the appellee instead of the appellant, is too general to present any question in the Supreme Court.

SPECIAL JUDGE.—*Appointment.*—*Bill of Exceptions.*—*Signature.*—A bill of exceptions signed by a special judge, the record not showing that he had presided at the trial, can not be regarded as in the record.

PROMISSORY NOTE.—*Mortgage.*—*Foreign Corporation.*—*Filing Agent's Authority.*—*Contract.*—*Pleading.*—*Abatement.*—In a suit upon a note and mortgage made to a foreign corporation, for a loan of money, an answer in abatement, that the corporation had not complied with the conditions of the statute imposing certain duties on such corporations, before doing business *in this State* (R. S. 1881, sections 3022–3025), is bad on demurrer, it not appearing where the loan was made.

From the Putnam Circuit Court.

*F. M. Finch* and *J. A. Finch*, for appellants.

*F. H. Levering, D. E. Williamson* and *A. Daggy*, for appellee.

NIBLACK, J.—Suit by The Travellers Insurance Company against Edward T. Allen and Mariah H. Allen, his wife, Fabius M. Finch and Nancy Finch, his wife, Preston Clearwaters and The Indiana National Bank, to foreclose a mortgage. The plaintiff averred that it was a corporation organized and existing under the laws of the State of Connecticut, and that it had complied with all the laws necessary to entitle it to transact business, through its agents, in this State; that, on the 24th day of May, 1875, The Railway Passengers Assur-

ance Company loaned to the said Edward T. Allen the sum
of $8,000 for five years, at ten per cent. interest, payable semi-
annually; that, as an evidence of the indebtedness created by
such loan, the said Allen on that day executed to the said
Railway Passengers Assurance Company his promissory note
for the sum of $8,000, payable at the office of said company,
in Hartford, Connecticut, five years after date, with ten per
cent. interest after maturity, and reasonable attorneys' fees if
suit should be brought on said note, and ten similar notes for
$400 each for the interest, to accrue semi-annually and re-
spectively, payable at the intervals at which the interest would
fall due; that Allen and wife, on the same day, also executed
to the said Railway Passengers Assurance Company a mort-
gage on several tracts of land in Putnam county, to secure
the payment of these notes, which mortgage had been duly
recorded; that said mortgage contained, amongst other things,
a stipulation that if any of the notes should remain unpaid
for twenty days after maturity the entire debt should, at the
option of the mortgagee, be deemed to have become due; that
four of said interest notes were more than twenty days overdue,
and remained unpaid; that said notes had been assigned and
transferred to the plaintiff by endorsement; that The Indiana
National Bank had, since the execution of the mortgage, re-
covered a judgment in the Circuit Court of the United States
for the District of Indiana, against the defendant Edward T.
Allen, and that the defendant Clearwaters was only a tenant
on the mortgaged lands; that the defendants Finch and wife
had become the owners of the equity of redemption in the
mortgaged lands by deed of conveyance from Allen and wife.
At the next term of court after the complaint was filed, process
having been duly served on Allen and wife and Clearwaters,
a default was taken against them, and a personal judgment
rendered against Edward T. Allen, the maker of the notes,
for $10,600. A decree of foreclosure of the mortgage was
also entered as to those defendants. Process not having been

served on Finch and wife and The Indiana National Bank, the cause was continued as to them.

At a subsequent term, and after process had been served on the remaining defendants, The Indiana National Bank made default. Finch and wife appearing to the action, demurred to the complaint. Their demurrer was, however, overruled. They then answered in seven paragraphs, the third being the general denial, and the seventh in the nature of a cross complaint. Demurrers were sustained to the first and second paragraphs, and issue was joined on the fourth, fifth, sixth and seventh paragraphs. The issues thus formed between the plaintiff on the one side, and Finch and wife on the other, were tried by the court, resulting in a general finding for the plaintiff, and, over a motion for a new trial, a decree of foreclosure of the mortgage was also entered against Finch and wife upon the finding. Finch and wife are the only appellants, and their complaint here is that the court below erred:

*First.* In rendering judgment in favor of the appellee instead of the appellants.

*Secondly.* In computing attorney's fees in favor of the appellee, and in rendering judgment therefor.

*Thirdly.* In overruling their motion for a new trial.

*Fourthly.* In sustaining the appellee's demurrer to the first and second paragraphs of their answer.

The first error assigned is too general, and presents nothing for decision in this court. *King* v. *Wilkins,* 10 Ind. 216; *Henry* v. *Coats,* 17 Ind. 161; *Hamrick* v. *Danville, etc., Gravel Road Co.,* 41 Ind. 170; *Frazier* v. *Harris,* 51 Ind. 156.

There is in the record what purports to be a bill of exceptions, signed " D. R. Eckels, special judge," but there is nothing showing his authority to preside in the cause, or that he did preside in it; on the contrary, the record shows that the first proceedings in the cause were had before Hon. Solon Turman, the regular judge of the circuit of which Putnam county forms a part, and there is no notice of any change of judges during the progress of the cause. Under these cir-

Finch *et al. v.* The Travellers Insurance Company.

cumstances, the inference necessarily is that all the proceedings were had before Judge Turman, as the regular judge of the Putnam Circuit Court. The accepted rule is that the bill of exceptions must be signed by the judge who presided at the trial; or, when the regular judge presides, and his term expires before he signs the bill, then by his successor in office. *Travellers' Insurance Co.* v. *Leeds,* 38 Ind. 444; *Ketcham* v. *Hill,* 42 Ind. 64; *Lerch* v. *Emmett,* 44 Ind. 331; *Toledo, etc., R. W. Co.* v. *Rogers,* 48 Ind. 427; *Lee* v. *Hills,* 66 Ind. 474.

There is, therefore, nothing before us showing any authority in Judge Eckels to sign the bill of exceptions copied into the record; nor is there any thing from which such authority might be lawfully inferred; consequently, the matters relied upon in support of the second and third assignments of error are not properly in the record. Besides, the question attempted to be raised by the second assignment of error was based upon an alleged proceeding which was only properly assignable as a cause for a new trial.

The first paragraph of the answer of the appellants was as follows: "Come now Fabius M. Finch and Nancy Finch, and, severally answering the complaint herein, aver that the plaintiff's assignor, the Railway Passengers Assurance Company, is a foreign corporation, organized under the laws of the State of Connecticut, and has not complied with the law of the State of Indiana, approved June 17th, 1852, entitled, 'An act respecting foreign corporations and their agents in this State;' that the agent of said Railway Passengers Assurance Company has not filed for said company, nor has any one on behalf of said company filed, his certificate in compliance with the first section of said act; nor has such agent, said company, or any one on its behalf, filed the order or resolution required by the second section of said act, or anything in the nature of such order, resolution or authority. Wherefore defendants ask that this action abate, and this answer they verify."

The demurrer which the appellants filed to the complaint: is not in the record, and is certified to us not to be on file in the court below. For that reason an assignment of error upon the overruling of that demurrer would have been unavailing. *Rout* v. *Woods*, 67 Ind. 319. The questions, however, which the appellants attempted to reserve by their demurrer to the complaint, were as well, if not better, presented by the first and fifth paragraphs of their answer. The 1st section of the act of June 17th, 1852, referred to in the first paragraph of the appellants' answer, enacts that agents of corporations, not incorporated or organized in this State, before entering upon the duties of their agency in this State, shall deposit in the clerk's office of the county where they propose doing business for such corporations, the power of attorney, commission, appointment, or other authority under which they assume to act as such agents.

Section 2 further enacts, that agents for such corporations, before commencing to act as such, shall procure and file with the clerk of the circuit court of the county where they propose doing business, a duly authenticated order, resolution, or other sufficient authority, adopted or executed by the board of directors or managers of such corporations, authorizing citizens or residents of this State, having claims or demands against such corporations arising out of any transactions in this State with such agents, to sue for and maintain an action in respect to such transactions in any court of this State having competent jurisdiction, and further authorizing service of process on such agents in such an action to be taken and accepted as valid service upon such corporation.

The 4th section of said act still further enacts that such foreign corporations shall not enforce any contracts made by their agents, or persons assuming to act as their agents, in any of the courts of this State, before compliance by such agents, or persons assuming to act as such, with the provisions of the first and second sections, *supra.* 1 R. S. 1876, p. 373.

Finch *et al. v.* The Travellers Insurance Company.

It will be observed that the disability imposed upon foreign corporations by section 4 of the act under consideration, in the enforcement of certain contracts in the courts of this State, extends only to foreign corporations doing business within this State, and to contracts entered into with agents acting, or persons assuming to act as such, for them in this State. It will be further observed that it is not made to appear, either by the complaint or by the first paragraph of the answer, set out as above, that the Railway Passengers Assurance Company was doing business in this State at the time the notes and mortgage in judgment were executed, or that the contract for the loan of the money which resulted in the execution of the notes and mortgage was made with an agent or agents of that company, transacting business in this State; or, indeed, that the contract for the loan, and the repayment of the money, were made within, or with reference to the laws of, this State. As the notes were all made payable in the State of Connecticut, and no facts were averred indicating the contrary, the inference ought rather to be that the loan was a Connecticut, and not an Indiana contract. *Thompson* v. *Edwards*, 85 Ind. 414; Story Conflict of Laws, sections 279, 280, 287 (a).

The first paragraph of the answer, therefore, failed to state facts which would have prohibited the Railway Passengers Assurance Company from maintaining an action on the notes and mortgage, if it had continued to be the owner and holder of them, and was, consequently, bad as an answer in abatement as against the appellee. *Walter A. Wood, etc., Co.* v. *Caldwell*, 54 Ind. 270 (23 Am. R. 641); *Daly* v. *National Life Ins. Co.*, 64 Ind. 1.

The fifth paragraph of the answer averred that the Railway Passengers Assurance Company was a foreign insurance company, and had, at the time the notes and mortgage were executed, failed to comply with the act regulating foreign insurance companies doing business in this State, approved December 21st, 1865. 1 R. S. 1876, p. 594.

An argument is submitted in support of the sufficiency of that paragraph, upon the theory that the court below sustained a demurrer to it; but the record shows that a demurrer to that paragraph was overruled, and that an issue was formed upon it which constituted one of the issues tried and decided by the court. Consequently, this appeal presents no question upon its sufficiency in this court.

Whether, if the facts pleaded had shown that the Railway Passengers Assurance Company, at the time it assigned the notes and mortgage to the appellee, was, by reason of its noncompliance with the act of June, 1852, unable to maintain a suit upon the notes and mortgage, in the courts of this State, such facts would have constituted a good answer as against the appellee, in abatement of this action, is a question we have not considered, and concerning which nothing must be understood as having been decided.

The judgment is affirmed, with costs.

Petition for a rehearing overruled.