Kolle *v.* Clausheide.

Filed Dec. 13, 1884.

---

No. 11,497.

## KOLLE *v.* CLAUSHEIDE.

JUDGMENT.—*Redemption.*—Where one obtains a decree allowing him to redeem from a mortgage within a given time if a certain event shall transpire, the decree binds him, and he can not avoid its effect by a subsequent suit for that purpose, upon the ground that the contingency did not happen, and hence redemption under the decree became impossible.

From the Vanderburgh Circuit Court.

*S. R. Hornbrook* and *A. C. Hawkins,* for appellant.
*C. Denby, D. B. Kumler* and *V. Bisch,* for appellee.

BICKNELL, C. C.—The appellant had a mortgage, executed by the appellees Henry A. and Rosina, which embraced five lots in Lamasco, known as lots Nos. 28, 29, 30, 31 and 32, in block No. 68, and other lands.

One Daun had a prior mortgage on said five lots. Daun foreclosed his mortgage without making the appellant a party,

and under Daun's decree said five lots were sold, and were afterwards conveyed by the purchaser to said Rosina in the year 1875. In 1876 the appellant brought a suit against the said Henry A. and Rosina and others to foreclose his mortgage.

In that suit the court found that said Rosina had a prior lien on said five lots for $700, and interest at 6 per cent. from September 16th, 1875, and it was decreed that all of the mortgaged property, except said five lots, should be sold to satisfy the sum of $6,302.89, found due the appellant, and that if such sale should fail to pay that sum, then the appellant should have the right to redeem said five lots within ninety days from the date of said decree, by paying to said Rosina the sum found due to her as aforesaid, and that upon such payment, made within said ninety days, the appellant might cause said five lots to be sold under said decree and the proceeds applied in satisfaction of such unpaid residue of said $6,302.89, and that after such sales all the right, title and interest of all of said defendants in and to said mortgaged property should be forever barred and foreclosed. This decree was rendered on March 8th, 1876. Nearly six years afterwards, in January, 1882, the appellant filed his complaint against the appellees in the present suit, alleging the facts above stated, and that he caused a copy of said decree to be issued to the sheriff immediately, but that some of the said mortgaged property, to wit, lots numbered 20, 21, 22 and 23, in block 68, in Lamasco, was not sold within said ninety days, and was still unsold, and that, therefore, he could not redeem said five lots, because, by the terms of said decree, redemption could be made only in case of deficiency in the proceeds of the sale of the other property, and that said condition as to redemption " was impossible and wholly repugnant to plaintiff's right to redeem, and wholly void," and that plaintiff's right to redeem and to have said five lots sold to satisfy his said decree had not been impaired ; that said Mary Krack claims some interest in said property subordinate to said decree ; that plaintiff is, and always has been, ready to pay said Rosina the amount of her

said claim.    This complaint prays for an accounting, and "that the plaintiff's right to redeem said lots and have them sold to pay his said decree may be enforced, and that he may have all proper relief."

The said Rosina Clausheide and Mary Krack filed separate demurrers to said complaint for want of facts sufficient; these demurrers were sustained, and final judgment was rendered thereupon in favor of said Rosina and Mary.

The plaintiff appealed, and the rulings upon said demurrers are the only errors properly assigned.

The third specification of the assignment of errors, to wit, that the judgment should have been in favor of the appellant, is not valid.    *Kimball* v. *Sloss*, 7 Ind. 589; *Finch* v. *Travellers Ins. Co.*, 87 Ind. 302.

There was no error in sustaining said demurrers. In *Eiceman* v. *Finch*, 79 Ind. 511, this court said: "There are two rights of redemption; the general equitable right and the statutory right.    The former is forever barred by the decree and sale; the latter does not spring into existence until the sale takes place. This statutory right comes into existence with the sale; it continues for one year, and then expires." In the case now before us, the facts stated in the complaint will not authorize a statutory redemption, because the requirements of the statute are not shown to have been complied with. R. S. 1881, section 768; *Eiceman* v. *Finch, supra.*    And the facts stated will not authorize the general equitable redemption, because the rule that a party can not collaterally impeach a judgment forbids all inquiry into the validity of the decree rendered in the foreclosure suit to which the appellant was a party.

If the appellant was dissatisfied with his decree, he might have appealed or filed a bill of review. He did neither, and now, after waiting six years, he is seeking to impeach his own decree in a collateral proceeding. This can not be done. *Parker* v. *Wright*, 62 Ind. 398; *Sauer* v. *Twining*, 81 Ind.

366; *Hume* v. *Little Flat Rock Draining Ass'n,* 72 Ind. 499, and cases there cited.

In the rendition of the foreclosure decree, the Vanderburgh Circuit Court had jurisdiction, both of the subject-matter of the action and of the parties; if error intervened, enough to warrant a reversal upon appeal, such error would have no effect in the present proceeding.

One of the objects of the appellant's foreclosure suit was to determine the rights of himself and Rosina Clausheide as to the five lots in controversy; the court made its determination, and the appellant was apparently satisfied with it.

It is not unusual to authorize redemption within a given time, where the statutory right is not asserted, and ordinarily, in such cases, if the redemption be not made within the time fixed, the right to redeem is lost. *Sherwood* v. *Hooker,* 1 Barb. Ch. 650; 2 Jones Mort., sections 1106, 1107, 1108. There is nothing stated in the complaint demurred to which ought to exclude this case from the operation of the general rule. It was the part of the appellant to see that his decree was enforced; there was ample time, in the exercise of ordinary diligence, for the sale of the other property. The complaint avers that it was not sold, but states no reason or excuse for the failure to sell. The condition was not impossible when the decree was rendered; if it became impossible afterwards by a failure to sell, the delay, in the absence of any reason therefor, must be regarded as the negligence of the appellant, at least in this contest between him and the appellees. *Vigilantibus et non dormientibus jura subveniunt.*

The judgment ought to be affirmed.

PER CURIAM.—It is therefore ordered, on the foregoing opinion, that the judgment of the court below be and the same is hereby in all things affirmed, at the costs of the appellant.

Filed Sept. 27, 1884. Petition for a rehearing overruled Jan. 9, 1884.