THE BANK OF THE STATE OF GEORGIA *vs.* LEWIN.

Where a contract is made in another state, between parties subject to the laws of that state, in pursuance of which one of them draws a bill of exchange, in favor of the other, upon a person residing in the state of New York, the parties will be considered as contracting according to the laws of the former state, and the bill will not be usurious, unless rendered so by the laws of that state.

THIS was an action upon a bill of exchange drawn upon and accepted by the defendant. The action was tried before Justice BALCOM, without a jury, at the New York circuit. The said Justice found the following conclusions of fact, viz:

1st. The plaintiff was, and is, a corporation, as alleged in the complaint, doing business, and located in the state of Georgia. 2d. On the 6th day of November, 1857, the defendant was liable as acceptor of a bill of exchange, made by one Lamar, at Savannah, in the state of Georgia, to pay the plaintiff, in the city of New York, the sum of $10,340.70.

3d. At the time above mentioned, the said bill of exchange was in the possession of a bank in the city of New York for collection. 4th. In order to pay the above mentioned indebtedness, the defendant procured said Lamar to draw the bill of exchange described in the complaint, dated Savannah, November 6th, 1857, for $10,497.37, on the defendant, payable thirty-seven days (including days of grace,) from the 9th day of that month ; which bill of exchange the plaintiff discounted, at Savannah in the State of Georgia, and with the avails thereof, discharged said indebtedness in the city of New York. 5th. The interest on said bill of exchange, dated November 6th, 1857, for thirty seven days, was $74.40. The difference between the face of that bill of exchange and the amount of said indebtedness, was $156.67. By deducting the aforesaid interest from such difference, there was a balance of $82.28, which the plaintiff received as exchange between Savannah and the city of New York. 6th. The plaintiff sent said bill of exchange, dated the 6th day of November, 1857, to the city of New York, where the defendant accepted it before it became due ; but he did not pay it when it became due, although requested so to do, and he has not since paid the same, or any part thereof, and there is now due thereon $12,196.37. 7th. The rate of interest fixed by the laws of the state of Georgia, in 1857, and since that time, is seven per cent. 8th. By these laws, if the borrower agrees to pay a greater rate of interest than seven per cent, he is not bound to pay any, but is liable to refund the principal sum borrowed. 9th. The bill of exchange on which the defendant was liable as acceptor, before and on the 6th day of November, 1857, and for which the one described in the complaint was given in renewal, was given for a good and valuable consideration, and was valid by the laws of the state of New York, and also by the laws of the state of Georgia.

The Judge found the following conclusions of law: 1st. That the validity of the bill of exchange described in the complaint, and on which this action is founded, dated the 6th

day of November, 1857, must be determined by the laws of the state of Georgia. 2d. That said bill of exchange was not tainted with usury, and was good and valid by the laws of said state of Georgia. 3d. That the plaintiff was entitled to recover upon said bill of exchange the amount due thereon, viz : $12,196.37. 4th. That if said bill of exchange was usurious and void, the plaintiff could recover upon said other bill of exchange taken up, and for which this was given. And lastly. That the plaintiff was entitled to a judgment in this action against the defendant, for the sum of twelve thousand one hundred and ninety-six dollars and thirty-seven cents, ($12,196.37,) besides costs.

The defendant excepted to the findings of law, and of fact, and appealed from the judgment.

*A. W. Bradford*, for the appellant.

*J. W. Edmonds*, for the respondent.

*By the Court*, INGRAHAM, P. J. It was held by the general term of this district, in *Balme* v. *Wombough*, (38 *Barb.* 352,) that a note drawn in Minnesota, for money loaned there, and made payable in the state of New York, was not usurious, unless the laws of Minnesota made it so. The fact of its being made payable in New York did not affect its validity ; although it would have been void if the contract had been made in New York. The present case differs from that only in the fact that the instrument is a bill of exchange drawn on a person residing here. The contract was made in Georgia, the money paid there, and the drawer, as well as the bank, were at the time of the contract, both subject to the laws of Georgia. The mere fact that the funds upon which the draft was drawn were in the hands of a third person, in New York, was no part of the contract, so as to affect its validity. The drawer owed the plaintiff some money, and gave the draft, in Savannah. The whole transaction took place there, and was

Bank of the State of Georgia *v*. Lewin.

performed there, so far as the drawer had any thing to do with it. In *Gibb* v. *Tremont*, (20 *Law and Eq. Rep.* 555,) it was held that on such a bill of exchange, if not paid, the law of the place where made, and not of the place where payable, was to govern as to the rule of damages, and the drawer was liable for interest according to the laws of the country where the bill was drawn.

The contract between the parties was an agreement by the drawer to transfer to the plaintiff funds which he had in New York. The payment was made in Georgia, and the contract made there. If the bill of exchange was not paid, the plaintiff's remedy against the drawer was according to the law of the place where the contract was made, and he could have recovered interest according to the law of that place. It can hardly be said, under such circumstances, that the acceptor here, who holds the funds of the drawer, can refuse payment because the contract was void, when the law says it is valid.

In *Chapman* v. *Robertson*, (6 *Paige*, 634,) Walworth, Ch. held that where a loan of money was made in one country and was payable in another, the parties might agree on interest according to the laws of the place where the loan was made. And in *Pratt* v. *Adams*, (7 *Paige*, 632,) it was also held, that if the contract was not illegal where made and where the money was loaned, the same was not void, although the bills on which the loan was made were made payable in New York, and would have been void for usury if subject to the laws of this state.

The contract between the parties was made under the laws of another state, and we must consider the parties as contracting according to the laws of that place.

The judgment should be affirmed.

[NEW YORK GENERAL TERM, November 6, 1865. *Ingraham, Leonard* and *Geo, G. Barnard*, Justices.]