FIRST NATIONAL BANK OF NEW YORK v. MORRIS, appellant.

*Usury — surety for corporation cannot set up — Discount in another State.*

A Massachusetts corporation drew a bill on defendants, residents of New York who accepted it for the accommodation of the drawer, "payable at the N. S. & L. Bank" in New York. The drawer procured the bill to be discounted in Massachusetts at 9 per cent, which was a legal rate in that State, but a usurious rate by the laws of New York. The bill was purchased by plaintiff, a national bank in New York, at 10 per cent discount. In an action on the bill, *held*, that as defendants accepted the bill for the drawer's accommodation, they became simply sureties for its payment, and the drawer, being a corporation, could not, under the laws of New York, defend an action upon the bill on the ground of usury, and the same disability affected the defendants as its sureties. The defense of usury could not, therefore, be sustained. *It seems* that, even if the drawer had not been a corporation, the defense of usury would not have been available. The case of *Jewell* v. *Wright*, 30 N. Y. 259, commented on and disapproved.

APPEAL by defendants from a judgment in favor of plaintiff. The action was brought by the First National Bank of New York, as owner and holder of a draft, against Theodore W. Morris, Andrew H. Schanck and others, constituting the firm of D. S. Schanck & Sons, acceptors of the draft. The draft was drawn and indorsed by the Lenox Glass Company, a Massachusetts corporation, at Lenox, Mass., upon Schanck & Sons, who were residents of and engaged in business in New York city. Schanck & Sons accepted the draft in the words, "Accepted, payable at the Nat. Shoe and Lea. Bank," a bank in the city of New York. The acceptance was for the accommodation of the drawer. The drawer had the draft discounted for its benefit at the Lee National Bank, in Massachusetts, at 9 per cent. The draft was afterward purchased by plaintiff, a national bank in New York, at 10 per cent discount. By the laws of Massachusetts parties may give or take any rate of interest they may agree upon.

The court held that the first inception of the acceptance was its discount by the Lee National Bank, and that such inception was not usurious. Judgment was ordered for plaintiff. Defendants appealed.

First National Bank of New York v. Morris:

*F. & E. Tillou* and *A. C. Brown*, for appellants, cited *Lee* v. *Selleck*, 33 N. Y. 615 ; *Curtis* v. *Leavitt*, 15 id. 227 ; *Jewell* v. *Wright*, 30 id. 264 ; *Dowe* v. *Schutt*, 2 Den. 621 ; *Hall* v. *Earnest*, 36 Barb. 585 ; *Clark* v. *Sisson*, 22 N. Y. 312.

*Peabody & Baker*, for respondent. The draft had its inception in Massachusetts, and became a valid security in the hands of the purchaser. *Bowen* v. *Bradley*, 9 Abb. N. S. 395 ; *Moss* v. *Rainey* (Superior Court of Buffalo, 1866, not reported) ; *Bank of State of Ga.* v. *Lewin*, 45 Barb. 340 ; *Balme* v. *Wombough*, 38 id. 352 ; *Commonwealth of Ky.* v. *Bassford*, 6 Hill, 526 ; *Hyde* v. *Goodnow*, 3 N. Y. 266 ; *Merchants' B'k* v. *Spalding*, 12 Barb. 302 ; 9 N. Y. 53 ; *Depau* v. *Humphrey*, 20 How. 1 ; *Peck* v. *Mayo*, 14 Vt. 33 ; *Chapman* v. *Robertson*, 6 Paige, 627 ; *Pope* v. *Nickerson*, 3 Story, 466.

DANIELS, J. The judgment in this action was for the recovery of the amount due upon a draft drawn by the Lenox Glass Company, in Massachusetts, on the firm of D. S. Schank & Sons, then residing and carrying on business at the city of New York, and accepted by them for the accommodation of the drawer. The defendants were members of that firm, and defended the action on the ground that the drawer of the draft procured it to be discounted for its benefit at what, under the laws of this State, was a usurious rate of interest; but the draft was discounted by a banking institution in the State of Massachusetts, at a rate of interest which, by the laws of that State, was legal and valid; and that institution transferred it to the plaintiff. The point in the case is whether the defense of usury was, under these circumstances, sustained.

By the acceptance of the draft for the accommodation of the drawer, the inference would seem to be natural and proper that it must have been intended that the drawer could use it in any manner which might be lawful at the place of its residence; for without that privilege, it is obvious that the drawer could not be secured the full benefit of the paper accepted. Its business was in another State, and the presumption would be that the acceptance was procured to be used where that was transacted, and its ordinary corporate functions exercised; and from such a design a valid use of the paper there ought to be maintained by the courts of this State.

The usury laws of this State were in no way in force there, and properly speaking, had no relation. to the use there made of the paper. It was accepted to be used by the drawer, carrying on its corporate operations there, and no restriction imposed as to what should be done with it. The drawer was entitled to make any lawful use which it could of the acceptance (*Seneca Co. Bank* v. *Neass,* 3 N. Y. 443), and one mode of making such use of it was to render it available for the drawer's benefit in any way in which that could be done consistently with the laws of the place under which, as a corporation, it existed.

But it is claimed in behalf of the appellants, that the right of the drawer to use the acceptance was subject to the disability imposed by the usury laws of this State, because the acceptance was made in this State, and, by its terms, rendered the bill payable here. And the decision made in the case of *Jewell* v. *Wright,* 30 N. Y. 259, is a direct authority in favor of the correctness of that position. Under ordinary circumstances, it would be the plain duty of this court to follow that authority while it remained apparently in force, although differing from the propriety of the conclusion maintained by it. But, since it was made, the learned justice who prepared the opinion upon which the case was decided has, with the concurrence of his associates at General Term, silently disregarded its authority. *Bank of Georgia* v. *Lewin,* 45 Barb. 340. The same thing was done upon a full consideration of the case by the Superior Court of Buffalo, at General Term. *Bowen* v. *Bradley,* 9 Abb. N. S. 395. The doctrine on which the case stood was there fully examined by the late Judge MASTEN, with his accustomed learning and ability, with the result that it was opposed to the preceding authorities on the subject, and probably decided under a clear misapprehension. When that case was decided, Judge DAVIES prepared an adverse opinion, characterized by his usual thoroughness, learning and ability, in which he maintained the principle since acted upon in this court and the Superior Court of Buffalo, under the preceding authorities applicable to it. This opinion is published in a note to *Bowen* v. *Bradley, supra,* 9 Abb. N. S. 400, and is entitled to consideration and weight in the disposition of this case. Still, it may well be doubted whether a proper sense of decorum is consistent with the position that the decision in *Jewell* v *Wright,* as long as it has not been overruled by the court pronouncing it, can properly be disregarded by this court.

But, as the defendants now complaining of the judgment accepted the draft for the accommodation of the drawer, they became simply sureties for its payment. *Pitts* v. *Congdon*, 2 N. Y. 352, 354. The drawer appears to have been a corporation, and, as such, could not defend an action upon the draft drawn by it, on the ground of usury, under the laws of this State. And the same disability affected the defendants as its sureties. *Rosa* v. *Butterfield*, 33 N. Y. 665; *Belmont Branch Bank* v. *Hoge*, 35 id. 65.

The judgment appealed from was right, and it should be affirmed.

DAVIS, P. J., concurred.

*Judgment affirmed.*