# EDWARD B. DICKINSON, RESPONDENT, *v.* WILLIAM Y. EDWARDS, APPELLANT.

*Usury — contract — by what law governed.*

The defendant signed and delivered at the city of New York a promissory note, dated at that place, whereby, three months from its date, he promised to pay to the order of B. & G. $300 at the New York National Exchange Bank. The note was made solely for the accommodation of the payees. The note was sold in Boston, Massachusetts, by the payees at a rate of discount usurious under the laws of this State.

In an action by the plaintiff, to whom it had been transferred by the purchaser, *held*, that the question of usury was governed by the laws of this State and that the note was void.

*Jewell* v. *Wright* (30 N. Y., 259) followed.

APPEAL by defendant from an order made upon the minutes of the justice before whom the action was tried, setting aside a verdict and granting a new trial.

*E. P. Bellamy* and *W. S. Packer*, for the appellant.

*W. R. Beach*, for the respondent.

Davis, P. J.:

This action was brought upon a promissory note which is in words and figures following:

"$300.                          New York, *November* 14, 1874.

Three months after date, I promise to pay to the order of Messrs. Bailey and Gilbert, three hundred dollars at the New York National Exchange bank.   Value received.

                                     **W. Y. EDWARDS."**

This note was written and signed by the maker and delivered to the payee above named at the city of New York.   The jury found that it was purely an accommodation note without consideration as between the maker and the payees.   The payees, Messrs. Bailey and Gilbert, indorsed and sold the note at Boston, in the State of Massachusetts, to one Pulcifer, who afterwards assigned it to the plaintiff.   The note was sold at a rate of discount which would make it usurious and void by the laws of this State.

The jury, under a charge properly submitting the question in controversy between the parties, found a verdict for the defendant upon the defence of usury alleged in the answer, and the learned judge upon the motion for a new trial, based upon his minutes, granted the same, holding in substance that the note being accommodation paper had no legal inception until its sale and delivery in Boston, and must, therefore, be regarded as a contract made in Massachusetts, and in respect to the rate of interest not affected by the laws of the State of New York.   This decision is in direct conflict with and necessarily overrules the decision of the Court of Appeals in *Jewell* v. *Wright* (30 N. Y., 259).   That case was *in quatuor pedibus* in all material respects, with the present.   In that case the promissory note of the defendant Wright, payable to the order of the defendant Dunlap, was signed and indorsed and delivered to the defendant Taylor, at Lockport in this State.   It was payable at the Niagara County Bank at Lockport, one year

from its date, and was made and indorsed solely for the accommodation of Taylor. Taylor took it to Connecticut, where it was discounted, at the rate of twelve per cent, such discounting being its first negotiation. The Court of Appeals held that the note was governed by the laws of this State where it was made payable, and having been discounted at a greater rate than seven per cent, was void under our statutes against usury. The proposition that such a note is to be governed by the laws of the State where it was made payable, is sustained in *Jewell* v. *Wright,* by the citation of numerous authorities, among which were *Davis* v. *Garr* (2 Seld., 124), *Jacks* v. *Nichols* (1 Seld., 178), *Curtis* v. *Leavitt* (15 N. Y., 9), *Bowen* v. *Newell* (13 id., 290), *Everett* v. *Vendryes* (19 id., 436), *Cutler* v. *Wright* (22 id., 472), and *Jewell* v. *Wright* was followed by this court in *Hildreth* v. *Shepard* (65 Barb., 269).

The authority of *Jewell* v. *Wright* has been questioned, and may be said to have been seriously impaired by a number of cases since decided, in this and other courts. (*Bank of Georgia* v. *Lewin,* 45 Barb., 340; *Balme* v. *Wambough,* 38 Barb., 352; *Bowen* v. *Bradley,* 9 Abb., [N. S.] 395; *Tilden* v. *Blair,* 21 Wall., 241; *First National Bank* v. *Morris,* 1 Hun, 680.)

In the last of these cases, while DANIELS, J., criticised and doubted the correctness of the decision in *Jewell* v. *Wright,* he also said, still it may well be doubted whether a proper sense of decorum is consistent with the position that the decision in *Jewell* v. *Wright,* as long as it has not been overruled by the court pronouncing it, can properly be disregarded by this court. That case was determined, however, upon the question settled by *Rosa* v. *Butterfield* (33 N. Y., 665), to wit: that the sureties of a corporation can not defend an action on the ground of usury since by the statutes of this State the right to plead usury as a defense has been taken away from corporations.

*Jewell* v. *Wright* is followed in *Clayes* v. *Hooker* (4 Hun, 231), a case strongly analogous in its facts to the present.

Without entering into a discussion of the questions presented in the several cases above mentioned, it is enough to say that we feel constrained in this case, which is in all respects similar to that of *Jewell* v. *Wright,* to follow that decision, while it remains undisturbed by the court in which it was pronounced.

The order granting the new trial should be reversed, with costs, and with leave to the plaintiff to prosecute an appeal to the Court of Appeals.

BRADY and INGALLS, JJ., concurred.

Order granting new trial reversed, with costs, and with leave to the plaintiff to appeal to the Court of Appeals.