## No. 9633.

THOMPSON, ADMINISTRATOR, ET AL. *v.* EDWARDS, TRUSTEE.

PLEADING.—*Complaint to Foreclose Mortgage.*—*Decedents' Estates.*—The names of the parties to a suit, being named in the first paragraph of a complaint, need not be repeated in subsequent paragraphs; so that in an action to foreclose several mortgages executed by a decedent, a second paragraph of the complaint alleging that he died, "leaving the widow and heirs at law named in the first paragraph of this complaint," is not objectionable.

TRUSTS.—*Statute Construed.*—*Constitutional Law.*—Section 2988, R. S. 1881, requiring trustees to be residents of this State, has no retrospective operation according to its terms, nor could the Legislature have given it such operation without impairing the validity of contracts previously entered into.

CONTRACT.—*Mortgage.*—*Conflict of Laws.*—A resident of this State applied to a resident of New York for a loan. Notes and a mortgage on lands here were executed here, and the money paid to the borrower here, some of the notes being payable in New York and others specifying no place of payment.

*Held,* that the contract, as to its validity, must be tested by the laws of Indiana.

From the DeKalb Circuit Court.

*R. W. McBride,* for appellants.

*C. A. O. McClellan,* for appellee.

NIBLACK, J.—Suit by Jonathan Edwards, trustee of the Equitable Trust Company, of New London, Connecticut, against Francis E. Thompson, as administrator of the estate of Samuel H. Smith, deceased, and twenty-six other persons, comprising the widow and heirs at law, and junior encumbrancers on the property, of the said Samuel H. Smith, to fore-

close three mortgages executed by said Smith and his wife in his lifetime.

The first mortgage was executed on the 28th day of September, 1875, upon certain lands in DeKalb county, in this State, to secure a loan of $2,000, for the repayment of which two bonds, of $1,000 each, bearing seven per cent. interest, with coupons attached, were also executed.

The second mortgage was executed on the 8th day of June, 1877, upon other lands in DeKalb county, to secure a second loan of $4,000, for the repayment of which bonds bearing interest at the rate of seven per cent., and accompanying interest notes, were likewise executed.

The third mortgage was executed on the same day, and upon the same lands as the second mortgage, to secure the payment of the interest notes for the accruing interest on the second loan. No place of payment was specified as to the principal sums for the repayment of which the bonds were executed, but the coupons and interest notes were made payable at the office of the Equitable Trust Company in the city of New York.

The complaint was in two paragraphs. The first paragraph demanded the foreclosure of the first mortgage, and the second the foreclosure of the second and third mortgages, for alleged breaches in some of the conditions of the several mortgages. Demurrers were overruled to both paragraphs of the complaint. The defendants, other than the junior encumbrancers, answered:

*First.* In general denial.

*Second.* In abatement of the action, " that Jonathan Edwards, trustee and plaintiff in this action, was not, when said action was commenced, nor is he now, a resident of the State of Indiana, but then was and still is a resident of the State of New York."

*Third.* That the contracts concerning the loans, which the mortgages were given to secure, were made in the State of New York, and at nine per cent. interest, and that because a greater rate of interest than seven per cent. had been reserved,

Thompson, Administrator, *et al. v.* Edwards, Trustee.

such contracts were usurious and void, setting out a copy of the statute of New York on the subject of interest and usury.

*Fourth.* Setting up in a different form substantially the same defence made by the third paragraph.

A demurrer was sustained to the second paragraph of the answer, and issue was joined on the third and fourth paragraphs. The court tried the cause, and made a general finding for the plaintiff. A new trial was refused, and a decree of foreclosure entered upon all the mortgages.

Questions are made here :

*First.* Upon the overruling of the demurrer to the second paragraph of the complaint.

*Second.* Upon the sustaining of the demurrer to the second paragraph of the answer.

*Third.* Upon the refusal of the court to grant a new trial.

The complaint, in its title, gave the names of all the parties, plaintiffs as well as defendants, in full.

The first paragraph, after setting out the execution of bonds, coupons and mortgages upon which it relied as a cause of action, averred that the mortgagor, Samuel H. Smith, had died intestate, leaving certain of the defendants, particularly naming them, as his widow and only heirs at law.

The second paragraph, after setting out in like manner the bonds, notes and mortgages upon which it was based, averred that the said Samuel H. Smith had " died intestate, leaving the widow and heirs at law named in the first paragraph of this complaint."

The appellants, who comprise the widow and heirs and administrator of the decedent, Smith, claim that the second paragraph of the complaint was bad upon demurrer, because it did not repeat the names of the widow and heirs referred to as above by it, upon the ground that each paragraph of a pleading must be sufficient of itself, and can not be aided by the averments of another paragraph. *Smith* v. *Little,* 67 Ind. 549.

The rule, that each paragraph of a complaint must within itself contain a good cause of action, is in every way a proper

rule, and one well recognized by the authorities.; but it does not go to the extent of requiring the repetition of the names of parties which have been previously given in full, either in the title of the cause or in some preceding paragraph ; nor does it apply to cases where one paragraph refers to another for the purpose of the mere identification of some person or thing which is common to both paragraphs. *Lowry* v. *Dutton*, 28 Ind. 473.

If some uncertainty shall arise for want of such a repetition or by reason of such a reference being defectively made, the defect is not one of substance, but is of a character which can be easily remedied by having the attention of the court properly called to it for that purpose. Any less liberal construction of the rule, stated and recognized as above, would require the filing of a separate copy of every instrument in writing sued on, with each paragraph of the complaint. We think that, under the circumstances as they were made to appear by the whole pleading, the court did not err in overruling the demurrer to the second paragraph of the complaint.

By an act relating to " trusts and powers," approved March 29th, 1879, Acts 1879, Special Session, p. 225, it is provided that, " after the taking effect of this act, it shall be unlawful for any person, association or corporation to nominate or appoint any person a trustee in any deed, mortgage or other instrument in writing, except wills, for any purpose whatever, who shall not be at the time a *bona fide* resident of the State, of Indiana, and it shall be unlawful for any person who is not a *bona fide* resident of the State, to act as such trustee."

The appellants also claim that, upon the passage of this act, the appellee became incapable of acting longer as trustee under the mortgages in suit, and that hence the second paragraph of their answer ought to have been held sufficient as an answer in abatement. Waiving all discussion as to the power of the Legislature to enact such a statute as applicable to trustees to be thereafter appointed, it is manifest, from a most

Thompson, Administrator, *et al. v.* Edwards, Trustee.

casual reading, that the act in question was not intended to have any retrospective effect, or to in any manner impose disabilities upon trustees already appointed. Such an effect could not be given to it, whatever its particular phraseology might have been, without impairing the obligation of contracts previously entered into, and the States are inhibited from enacting any law which would work such a result. U. S. Constitution, Article 1, sec. 10. There was consequently no error in sustaining the demurrer to the second paragraph of the answer.

It was made to appear by the evidence that on or about the 3d day of September, 1875, the decedent, Smith, forwarded to the Equitable Trust Company, doing business in the city of New York, through Coombs, Morris & Bell, practicing attorneys of the city of Fort Wayne in this State; an application for a loan of $2,500 for five years, at nine per cent. interest, offering to secure the desired loan by a first mortgage on the real estate in DeKalb county described in the mortgage afterwards first executed by him, and representing himself to be domiciled in the State of Indiana, and to be residing on said real estate ; that the said Smith also represented that he wished to obtain said loan to enable him to remove encumbrances from said real estate, and to make improvements thereon ; that the trust company examined the application thus made at its place of business in the city of New York, and on the 21st day of September, 1875, informed Coombs, Morris & Bell, by a letter addressed to them at Fort Wayne, that it would loan Smith $2,000 upon his application, to date from the first of May previous, upon two bonds of $1,000 each, at nine per cent. interest, two per cent. in advance, to be deducted from the sum loaned, and seven per cent. semi-annually as per coupons to be attached to the bonds, upon its being made to appear to said Coombs, Morris & Bell that the real estate was free from encumbrances and that the title thereto was perfect, to all of which Smith assented ; that Coombs, Morris & Bell thereupon, at their office in the city of Fort Wayne, exam-

Thompson, Administrator, *et al. v.* Edwards, Trustee.

ined the title to said real estate and found it complete except
as to certain encumbrances which Smith was to pay out of
the proceeds of his loan; that afterwards, on the 28th day of
September, 1875, Smith executed the bonds, coupons and
mortgage described in the first paragraph of the complaint,
and delivered them to Coombs, Morris & Bell, who forwarded
them to the appellee in the city of New York, and who at
Fort Wayne, pursuant to the previous order and direction of
the Equitable Trust Company, drew their draft on that com-
pany at the city of New York in favor of Smith for the sum
of $2,000, less the discount of two per cent. interest thereon;
that on the same day Coombs, Morris & Bell, upon the en-
dorsement of Smith, procured said draft to be discounted at
its face at the Hamilton Bank in the city of Fort Wayne,
and placed the proceeds on their books to the credit of Smith,
to whom they accounted for the full amount within a few
days thereafter, first paying the encumbrances on the mort-
gaged real estate, which were to be discharged out of the
proceeds of said loan; that the draft was thereafter, upon the
receipt of the bonds, coupons and mortgage, and in due time,
paid by the trust company; that Smith, at the time of his ap-
plication, and before and afterwards, resided on the land in-
cluded in the mortgage, and that the net proceeds of the loan
were principally, if not entirely, expended on that land.

It was further made to appear by the evidence that the de-
cedent, Smith, in June, 1877, through the agency and interven-
tion of Coombs, Morris & Bell, obtained a second loan from
the Equitable Trust Company for the sum of $4,000 on the
bonds, interest, notes and mortgages referred to and described
in the second paragraph of the complaint, and that such loan
was made upon proceedings substantially similar to those
which resulted in the consummation of the first loan; that
at the time he obtained this second loan Smith still resided
in DeKalb county, and that said loan was obtained ostensi-
bly to discharge an existing mortgage upon the mortgaged

Thompson, Administrator, *et al. v.* Edwards, Trustee.

lands, which were also situate in said county of DeKalb, and to erect another barn thereon.

The appellants further claim, that the legal inference from the facts disclosed by the evidence is, that the loans were made, and all contracts concerning the same constructively executed, in the State of New York, and that such contracts thereby became what they denominate New York contracts, that is to say, contracts made with reference to the laws of New York, and hence usurious and void, because a greater rate of interest than seven per cent. was reserved; that, consequently, the finding of the court was not sustained by the evidence, and a new trial ought to have been granted.

It is often difficult to determine by what law a contract ought to be governed, which has been entered into in one State and is to be performed either in whole or in part in another State, or where the contracting parties reside in different States; and, as bearing upon that general subject, there is a palpable conflict between many of the decided cases as well as between some authors who have written upon it. In construing such contracts with reference to the law which is to govern them, we are to look mainly to the real intentions of the parties, and to their acts expressive of such intentions.

The general rule is, that where interest is to be paid on a contract, either expressly or impliedly, it must be paid according to the law of the place at which the contract is to be performed. But the question of the greatest difficulty often is to ascertain where, under all the circumstances, the contract is to be performed, having reference to the principal object which the parties had in view in entering into it.

The question whether a contract is usurious does not depend upon the rate of interest allowed, but upon the validity of the interest stipulated for by the contract in the country in which it is made and is to be executed. Story Conflict of Laws, sections 291, 292, 293.

Rorer on Inter-State Law, at page 48, states the rule to be that "A note made in one State, at a rate of interest lawful in

Thompson, Administrator, *et al. v.* Edwards, Trustee.

that State, and secured by a mortgage lien on lands situated in such State, and which instruments were for money loaned by a citizen of a different State, and were delivered to him in such other State where the contract of loan was agreed to, was held to be legal and enforceable in the courts of the State where the land was situate, and where the debtor resided at the time of making the contract, as also of enforcing the same, although such instruments called for a greater interest than allowed by law in the State where the contract was agreed on and the instruments were delivered, and although in such latter State a forfeiture of the debt is incurred for usury. The ruling was that the whole transaction had reference to the laws of the State where the land was situate, the debtor resided, and the instruments were made, although the latter were delivered elsewhere, as above stated, and notwithstanding, also, that the notes were made payable in a still different State than that wherein they were made or delivered, or wherein either party resided. Thus, a note, and mortgage made in Michigan to secure the same, on real property therein situated, calling for interest at ten per centum per annum, a rate of interest legal in Michigan, is binding and valid, although the note be payable in New York, where such interest is usurious. Such a contract is a Michigan and not a New York contract, and is therefore governed by the laws of Michigan as to its validity."

The rule thus stated by Rorer is a mere synopsis of some leading cases on the subject to which it has reference, and appears to us to be one not only founded in reason and in justice, but supported by the evident weight of authority.

Applying the principles announced as above to the case at bar, we think the plain inference from the evidence is that the bonds, coupons, interest notes and mortgages in judgment were executed within this State, and with reference to the laws of this State, thus making them in every essential respect Indiana contracts, and that, consequently, the usury laws of New York had no application as a defence to this suit. Wharton Conflict of Laws, secs. 508, 509, 510; *Arnold*

v. *Potter,* 22 Iowa, 194; *Chapman* v. *Robertson,* 6 Paige, 627; *Pine* v. *Smith,* 11 Gray, 38; *Bank, etc.,* v. *Lewin,* 45 Barb. 340; *Levy* v. *Levy,* 78 Pa. St. 507 (21 Am. R. 35); *Fitch* v. *Remer,* 1 Biss. 337; *Philadelphia Loan Company* v. *Towner,* 13 Conn. 249.

The judgment is affirmed, at the costs of the appellants.