PROVIDENCE & W. R. CO. (PIKE v.). See Case No. 11,163.

PROVIDENCE AQUEDUCT CO. (DEXTER v.). See Case No. 3,864.

---

## Case No. 11,453.

PROVIDENCE COUNTY SAV. BANK et al. v. FROST.

[8 Ben. 293; [1] 13 N. B. R. 356.]

District Court, S. D. New York. Dec., 1875.[2]

DISCOUNT OF NOTES—RHODE ISLAND TRANSACTION—USURY—COSTS.

1. In March, 1873, an application for a discount was made to a bank in Rhode Island, by A., who was its treasurer and one of its trustees, on behalf of H., who resided in New York, and was not then in Rhode Island. Thereupon H. made three notes, two for $12,500 each, and one for $3,000, which were dated

[1] [Reported by Robert D. Benedict, Esq., and Benj. Lincoln Benedict, Esq., and here reprinted by permission.]
[2] [Affirmed in Case No. 11,454.]

in New York, payable in New York one year after date, endorsed in Rhode Island by A. and also by L., another trustee of the bank, and delivered to the bank, which thereupon gave, at its place of business in Rhode Island, $25,000, the note for $3,000 representing the interest on the $25,000 for one year. He also at the same time made two other notes for $1,500 each, one to the order of A. and the other to the order of L. which he gave them, as compensation for endorsing the notes which were delivered to the bank. To secure the payment of the five notes, H., on the same day, executed and delivered to A. a chattel mortgage on property in New York. A. and L. were duly charged as endorsers on all the notes. H. was adjudicated a bankrupt and F. was appointed trustee in bankruptcy, and the property covered by the chattel mortgage was sold by the bankruptcy court and the proceeds deposited in a trust company. The bank, with A. and L., then filed a bill in equity to compel the application of the proceeds to the satisfaction of their claim. The trustee insisted that the transaction was a New York transaction and was void for usury. The plaintiffs claimed that it was a Rhode Island transaction and valid. A. and L. had agreed, at the time of the transaction, that they would be holden to each other equally on the five notes, and that the mortgage should be held for the benefit of both, equally: *Held*, that the transaction was one made in Rhode Island, and was valid.

[Cited in Re Dodge, Case No. 3,948.]

[Cited in Dickinson v. Edwards, 77 N. Y. 585.]

2. The bank was entitled to have the fund applied first towards the payment of the notes for $28,000, with interest at 6 per cent.

3. A. and L. were entitled to have the residue applied towards the payment of the two notes held by them, with like interest, share and share alike, and were entitled to be admitted as general creditors for the amount still remaining unpaid, if any.

4. The costs of the plaintiffs and of the depository of the fund must be paid out of the general funds of the estate.

In equity.

F. N. Bangs, for plaintiffs.

J. E. Ludden, for trustee.

Van Winkle, Candler & Jay, for United States Trust Co.

BLATCHFORD, District Judge. This is a suit in equity brought to establish a claim for $31,000 and interest, against the estate of Elias Hotchkiss, a bankrupt, adjudicated such by this court, and to have applied to the payment of such claim the proceeds of certain property, which are on deposit, subject to the control of this court as a court of bankruptcy. The claim arises upon five promissory notes, made by the bankrupt. Two of them, for $12,500 each, and one of them, for $3,000, are held and owned by the Providence County Savings Bank, one of the plaintiffs, which is a corporation created under the laws of Rhode Island, and located and doing business in that state. The fourth note, for $1,500, is held and owned by the plaintiff Arnold, and the fifth note, for $1,500, is held and owned by the plaintiff Alfred H. Littlefield. The five notes are all of them dated "New York, March 14, 1873," and payable, one year after date, "to the order of Ol-

ney Arnold" at "Bull's Head Bank," and signed by Elias Hotchkiss, and endorsed "Olney Arnold" and "A. H. Littlefield." Arnold and Littlefield were duly charged as endorsers upon the three notes held by the bank. Arnold was duly charged as endorser upon the note held by Littlefield, and Littlefield was duly charged as endorser upon the note held by Arnold. To secure the payment of these five notes, Hotchkiss executed and delivered to Arnold, on the 14th of March, 1873, a chattel mortgage, which was filed on the next day in the office of the register of deeds, &c., of the city and county of New York, covering certain personal property then in a hotel kept by Hotchkiss in the city of New York. Hotchkiss resided in New York and signed the notes and mortgage there. Arnold and Littlefield resided in Rhode Island. The mortgaged property has been sold by this court as a court of bankruptcy, and the disposition of the proceeds, which are on deposit in the United States Trust Company, depends on the result of this suit. The defendant Jonathan Frost, who is the trustee in bankruptcy of Hotchkiss, claims that the transaction was a New York transaction, and is void for usury. The plaintiffs claim that it was a Rhode Island transaction and valid.

For the three notes held by the bank, amounting to $28,000, it gave, at its place of business in Pawtucket, Rhode Island, the sum of $25,000, the note for $3,000 representing the interest on the $25,000 for one year. It gave that sum as discounting the three notes for Hotchkiss and not for the endorsers. The application to the bank for the discount was made at the bank in Rhode Island by Arnold in person, who was treasurer of the bank and one of its trustees, and who stated at the time that the application was made on behalf of Hotchkiss. Hotchkiss was not in Rhode Island personally. Littlefield was one of the trustees of the bank. The two notes for $1,500 each were made as compensation to Arnold and Littlefield severally for endorsing the three notes which the bank discounted. The five notes, were endorsed in Rhode Island by Arnold and by Littlefield. The discount was arranged for, with the bank, before the notes were endorsed, and the $25,000 were paid by the bank after the notes were endorsed. Littlefield's endorsement on each note follows that of Arnold. He did not give Arnold anything for the notes, in money or otherwise, nor did he give Hotchkiss anything for the notes. At the time, Arnold and Littlefield agreed in writing with each other, that they should be holden to each other equally for the five notes, and should share equally any loss upon the notes, and that the mortgage, though made in the name of Arnold, should be held as security for the benefit of both of them, equally. Littlefield knew, at the time, that the notes were discounted by the bank for Hotchkiss. It was understood, at the time, by Littlefield, that there was no consideration for the notes,

as between Arnold and Hotchkiss, and such was the fact.

On these facts it must be held, that the contracts made by Hotchkiss by means of the notes, were made in Rhode Island and not in New York. The case is entirely like that of Tilden v. Blair, 21 Wall. [88 U. S.] 241. Hotchkiss made the notes in New York, and it may be conceded, for the purposes of this case, that the notes were made payable at a bank in New York, but the notes were not operative notes, as against Hotchkiss, until the three which the bank discounted were negotiated. Hotchkiss sent the three notes to Rhode Island to have them there endorsed and negotiated. The form of the notes and of the mortgage shows that Hotchkiss constituted Arnold his agent to accomplish that result. While the three notes which the bank discounted remained in the hands of Arnold, Hotchkiss was not holden upon any contract. Arnold had no rights as against Hotchkiss, but he was authorized to procure the three notes to be discounted, and thereby to initiate a liability not only of himself as endorser but of Hotchkiss. It is, therefore, immaterial that Hotchkiss resided in New York, or made the notes in New York, or made them payable in New York. In legal effect he made the notes in Rhode Island at the time when the three notes were passed to and discounted by the bank. Before the notes had any operation, or became notes, Hotchkiss had sent them to Rhode Island, to have the three notes discounted there, and, it must be presumed, at such a rate of discount as by the law of that state was allowable. The rate in fact reserved was lawful in Rhode Island; and the transaction, being lawful and valid as to the three notes discounted by the bank, is lawful and valid as to the other two notes.

There must be a decree that the notes in question are valid and provable against the estate of Hotchkiss, as debts secured by the mortgage in question; that the bank is entitled to have the funds in question applied first towards paying the notes for $28,000, with interest thereon at the rate of 6 per cent. per annum; that Arnold and Littlefield are entitled to have the residue of such funds applied towards the payment of the two notes held by them, with like interest, share and share alike; that Arnold and Littlefield are entitled to be admitted as general creditors for such balances, if any, as shall then remain unpaid, of their respective claims; and that the costs of the plaintiffs and of the United States Trust Company be paid out of the general funds of the estate, in the hands of the trustee.

[NOTE. On appeal to the circuit court the decree of this court was affirmed. Case No. 11,454. Two of the three obligees in the bond brought a suit on it in this court against the principal and the sureties to recover on it. It was held that this court had jurisdiction of the suit, and that the plaintiffs could sue jointly on the bond, and that, where the terms of a bond on appeal comply with the provisions of section 1000, Rev. St., in regard to supersedeas and stay of execution, the bond operates as a supersedeas and stay of execution without any order to that effect. Case No. 558.]