## Case No. 11,454.

### PROVIDENCE COUNTY SAV. BANK et al. v. FROST et al.

[14 Blatchf. 233.] 1

Circuit Court, S. D. New York. May 23, 1877.

BILLS AND NOTES—LEX LOCI CONTRACTUS—PLACE OF DISCOUNT.

1. A promissory note was signed by its maker in New York and transmitted by him to Rhode Island, to be discounted in that state. It was there discounted, and it had no inception as an obligation to pay until it was so discounted: *Held*, that the contract of the maker was made in Rhode Island, and that its legality or illegality, on the question of usury, was to be determined by the law of Rhode Island, and not by that of New York.

2. The decision in Providence Co. Sav. Bank v. Frost [Case No. 11,453] affirmed.

[This was a bill in equity by the Providence County Savings Bank and others against Jonathan F. Frost and others.]

Francis N. Bangs, for plaintiffs.
Elliott F. Shepard, for defendants.

JOHNSON, Circuit Judge. This is an appeal in equity from a decree of the district court in favor of the complainants. That decree, in my judgment, is correct, both upon the facts involved and upon the law of the case. The defence is founded upon an alleged violation of the laws of New York against usury, and no other claim of illegality is made. The allegations of the answer show, that, though the notes in question were signed by their maker in New York, yet they were transmitted by him to Rhode Island, in order that their discount might be procured in that state. That they were so discounted, and that they had no inception as obligations to pay until that event, is entirely obvious, on the statement of the defendant Frost's answer, as well as upon the testimony. I concur entirely in the opinion of Judge Blatchford,—Providence Co. Savings Bank v. Frost [Case No. 11,453],—upon the question of illegality, as dependent on the laws of New York against usury. On that subject the law of New York did not govern the contract. It was made in Rhode Island, and its legality or illegality is to be determined by the law of that state. On that subject, Tilden v. Blair, 21 Wall. [88 U. S.] 241, Andrews v. Pond, 13 Pet. [38 U. S.] 65, 77–80, and Cockle v. Flack, 93 U. S. 344, 347, seem to be conclusive that such is the law of the courts of the United States. The decree must be affirmed, with costs.

[NOTE. Two of the three obligees in the bond brought a suit on it in this court, against

---

1 [Reported by Hon. Samuel Blatchford, Circuit Judge, and here reprinted by permission.]

the principal and the sureties, to recover on it. It was held that his court had jurisdiction of the suit, and that the plaintiffs could sue jointly on the bond, and that, where the terms of a bond on appeal comply with the provisions of section 1000, Rev. St., in regard to supersedeas and stay of execution, the bond operates as a supersedeas and stay of execution, without any order to that effect.  Case No. 558.]

PROVIDENCE RUBBER CO. (GOODYEAR v.).  See Case No. 5,583.

PROVIDENCE TOOL CO. (HENRY v.).  See Case No. 6,384.

PROVIDENCE TOOL CO. (METROPOLITAN WASHING MACH. CO. v.).  See Case No. 9,507.

PROVIDENCE WASHINGTON INS. CO. (BREED v.).  See Case No. 1,826.

PROVIDENCE WASHINGTON INS. CO. (HUCHBERGER v.).  See Case No. 6,823.

PROVIDENCE WASHINGTON INS. CO. (POTTER v.).  See Case No. 11,336.