WAYNE COUNTY SAVINGS BANK, Respondent, *v.* HENRY R. Low, Appellant.

A party residing in one State who goes into another State and there makes an agreement with a citizen of that State for a loan, lawful by its laws, but usurious under the laws of the borrower's State, cannot render his obligation void by making it payable in his own State. Nor does the fact

that the obligation is executed in the latter State, and sent to the lender by mail, require that it should be governed by the usury laws of the State where it was signed.

In pursuance of an arrangement made in Pennsylvania between plaintiff, a corporation organized and doing business in that State, and defendant, a citizen of New York, for the renewal of a promissory note held by the former, made by the latter, plaintiff mailed to defendant a promissory note for him to execute and return. This note was dated and executed by defendant at M. in this State, and was made payable there; it was returned to plaintiff by mail, with a check to pay the discount. The discount was at a rate lawful in Pennsylvania, but greater than lawful interest in this State. In an action on the note, *held*, that as the note was executed to be used in Pennsylvania, the law of that State must control, and that, therefore, the note was not usurious.

*Dickinson* v. *Edwards* (77 N. Y. 573) distinguished.

(Argued May 31, 1880; decided September 21, 1880.)

APPEAL from judgment of the General Term of the Court of Common Pleas, in and for the city and county of New York, affirming a judgment in favor of plaintiff, entered upon the report of a referee.

This action was brought by plaintiff, a corporation organized under the laws of Pennsylvania, and doing business at Honesdale in that State, upon a promissory note made by defendant, a resident of this State, of which the following is a copy:

"$2,000.                    MIDDLETOWN, N. Y., *Jan'y* 20, 1875.

"Six months after date, for value received, I promise to pay to H C. Hand, cashier, or order, at the First National Bank, Middletown, N. Y., $2,000 without defalcation.

"H. R. LOW."

The referee found, in substance, that at the request of defendant, made by him at Honesdale, the said note, except the signature, was written by the plaintiff's cashier at Honesdale, and was sent to Middletown, in New York, by mail. Defendant signed it at Middletown and deposited it in the post-office there; addressed to the plaintiff at Honesdale, and it was received by the plaintiff through the mail. The

note was delivered to plaintiff as an extension or in renewal of a previous note of $2,000, made by the defendant, which was held and owned by the plaintiff, and which, upon delivery of such renewal note, was surrendered to the defendant by depositing the same in the post-office at Honesdale, addressed to the defendant at Middletown. Said extension or renewal was, at defendant's request, made at Honesdale aforesaid and agreed to by plaintiff at said place. Plaintiff received from defendant, in consideration of such extension or renewal, the sum of $80, being at the rate of eight per cent per annum, which was paid by defendant to plaintiff by a check sent by the defendant by mail to the plaintiff, at Honesdale. The previous $2,000 note was delivered by defendant to plaintiff in renewal of a balance of a $10,000 note, made by defendant. Both defendant, the maker, and the payee of the said $10,000 note, were then and still are residents of the State of New York. At the time of the delivery of that note to the payee there was no intention that the same should be discounted by the plaintiff in the State of Pennsylvania, and it was an accommodation note as between the defendant and payee, but was discounted by the plaintiff for value in the ordinary course of business. Under the laws of Pennsylvania plaintiff was authorized to discount notes at the rate of eight per cent.

*Hezekiah Watkins* for appellant. The contract in suit having had its legal inception in this State, and being one that was to be performed here, and having been sued here, should be governed by the law of this State. (*Jewell* v. *Wright*, 30 N. Y. 259; *Dickinson* v. *Edwards*, N. Y. Daily Reg., Oct. 20, 1879; *Tilden* v. *Blair*, 21 Wall. 241; *Prov. Co. Sav. Bank* v. *Frost*, 13 Nat. Bk. Reg. 356; *Milne* v. *Moreton*, 6 Bin. 365; *Mactier's Admr.* v. *Frith*, 6 Wend. 104; *Kirkman* v. *Bank of America*, 2 Cold. 397; *Tayloe* v. *Merch. Fire Ins. Co.*, 9 How. [U. S.] 370; *Eames* v. *Home Ins. Co.*, 18 Alb. L. J. 31; 7 Am. Law Rep. 454–456; *White* v. *Corlies*, 46 N. Y. 469; *Howard* v. *Daly*, 61 id. 362, 365; *Hallock* v. *Ins. Co.*, 26 N.

J. Law R. 268 ; *Vassar* v. *Camp*, 11 N. Y. 441 ; *Trevor* v.
*Wood*, 33 id. 307.)

*Samuel W. Weiss* for respondent. The note in suit de-
pended for its validity on the law of Pennsylvania, and whether
usury was committed or not, and its effect if committed, must
be considered in the light of the law of that State, and not of
the law of this State. (*Vassar* v. *Camp*, 11 N. Y. 441 ; *Trevor*
v. *Wood*, 36 id. 309 ; *Howard* v. *Daly*, 61 id. 365, 366 ; *White*
v. *Corlies*, 46 id. 467 ; *Mactier* v. *Frith*, 6 Wend. 103 ; *Wal-
dron* v. *Ritchings*, 9 Abb. [N. S.] 359 ; *Dunlap* v. *Higgins*,
1 H. L. C. 381 ; *Evans* v. *Nicholson*, 33 L. T. 778 ; *Taylor* v.
*Jones*, 16 Eng. Rep. 437 ; Story on Conflict of Laws, §§ 237–
242 ; *Cutler* v. *Wright*, 22 N. Y. 472 ; *Davis* v. *Garr*, 6 id.
134 ; *Pomeroy* v. *Ainsworth*, 22 Barb. 129 ; *Potter* v. *Tall-
man*, 35 id. 187 ; *Hosford* v. *Nichols*, 1 Paige, 220 ; *Andrews*
v. *Pond*, 13 Peters, 78 ; *Hanrick* v. *Andrews*, 9 Port Royal,
9 ; *Carnegie* v. *Morrison*, 2 Metc. 401 ; *Scott* v. *Pelkinton*, 15
Abb. Pr. 284 ; *Wayne Co. Sav. Bk.* v. *Low*, 6 Abb. N. C.
93.) By relation, the note is carried back to the agreement
under which it originated, for the test of its validity. (Viner's
Abridgement, " Relation," 290 ; Bouvier's Law Dict., " Rela-
tion ; " *Hathaway* v. *Payne*, 34 N. Y. 113 ; *Tooley* v. *Dibble*,
2 Hill, 641 ; *Jackson* v. *Dickenson*, 15 Johns. 315, 316 ; *Heath*
v. *Ross*, 12 id. 140 ; *Jackson* v. *Bard*, 4 id. 234.) Interposing
a note, payable in this State, as evidence of the extension, does
not change the rule of law by which the plaintiff's rights are
to be governed. (*Merchants' Bank* v. *Griswold*, 72 N. Y. 481 ;
*Bank of Toledo* v. *Shaw*, 61 id. 293 ; *Lamusse* v. *Barker*,
3 Wheat. 101, 146 ; *Grant* v. *Healey*, 3 Sumner, 523 ; *Boyle*
v. *Zacharie*, 6 Peter, 635, 643, 644 ; *Gibbs* v. *Fremont*, 20 E.
L. & E. 558.) The original $10,000 note took its incipiency as
a contract in Pennsylvania, and the law applicable to, and the
place of that contract, is determined by the place of such dis-
count. (*Cook* v. *Litchfield*, 9 N. Y. 279 ; *Lee* v. *Selleck*, 33 id.
615 ; *Hyde* v. *Goodnow*, 3 id. 271 ; *Tilden* v. *Blair*, 21 Wall.
241.) The last renewal, even though payable in this State,

stands upon the same footing, and its validity rests upon the foreign law. (*Jackson* v. *Nichols*, 5 N. Y. 183; *Wayne Co. Sav. Bk.* v. *Low*, 6 Abb. N. C. 95; *National Bk. of Auburn* v. *Lewis*, Ct. of App., Dec. 20, 1878.) The presumption of intention drawn from a designated place of payment becomes disputable, and, as a fact, is to be arrived at through acts and surrounding circumstances. (Greenl. on Ev. 33, 282; 2 Phillips [Cow. & Hill], 633, 634, mar. pag.; Ram on Facts, 9, 275; *White's Bk.* v. *Miles*, 73 N. Y. 337, 339; *Field* v. *Munson*, 47 id. 223; *French* v. *Carhart*, 1 id. 96; *Phelps* v. *Bostwick*, 22 Barb. 314; *Hasbrook* v. *Paddock*, 1 id. 638.)

RAPALLO, J. In *Dickinson* v. *Edwards* (77 N. Y. 573), the decision in *Jewell* v. *Wright* (30 N. Y. 259) was adhered to, and it was held that where a promissory note was made in this State by a resident thereof, bearing date and, by its terms, payable in this State, with no rate of interest specified, and was delivered to the payees without consideration, to be used by them for their accommodation, without restriction, and was first negotiated by them in another State at a rate lawful there, but greater than that allowed by law in this State, it was usurious and void, there being no evidence in the case of any intention on the part of the maker that the note should be discounted or used out of this State.

That case, as well as *Jewell* v. *Wright*, was distinguished from *Tilden* v. *Blair* (21 Wall. 241) expressly upon the ground that in *Tilden* v. *Blair*, although the acceptance was made payable in New York by the acceptors, who were residents of New York, yet after having accepted in New York they returned the acceptance to the drawer in Illinois, for the purpose and with the intention that it should be negotiated by him in that State. And this court says in its opinion in *Dickinson* v. *Edwards* (77 N. Y. 573), that that was the controlling fact in *Tilden* v. *Blair*, and that the ruling consideration was the intention of the acceptors that the draft should be used in Illinois, while in *Jewell* v. *Wright*, and in the case then before the court there was nothing to show an intent on the part of the

maker of the note to give authority to deal with it otherwise than as the law of this State would allow.

The case of *Bank of Georgia* v. *Lewin* (45 Barb. 340) and other cases are distinguished from *Jewell* v. *Wright* on the same ground, and it may safely be said that the case of *Dickinson* v. *Edwards* rests upon the ground that there was no evidence of knowledge or intention on the part of the maker of the note that it was to be used out of this State, and that in the absence of such proof it must be governed by the law of the place of payment.

In the present case the fact which was wanting in *Jewell* v. *Wright* and *Dickinson* v. *Edwards* clearly appears, and the case is brought within the principle of *Tilden* v. *Blair*, and the cases which have followed it. The note now in suit was dated and made payable in New York, but it was made for the express purpose of being used in renewal of another note for the same amount then held by the plaintiff, a bank in Pennsylvania. The note in suit was actually written in Pennsylvania in the form in use in that State, by the cashier of the plaintiff, at the defendant's request and forwarded by the cashier to the defendant for signature, and was signed by the defendant in New York, and then mailed by him to the plaintiff in Pennsylvania, together with a check for the discount at the rate of eight per cent per annum, which was lawful in Pennsylvania. The note and interest were consequently received by the plaintiff in Pennsylvania, and all this was done in performance of a previous agreement which had been entered into in Pennsylvania between the plaintiff and the defendant. All that was done by the plaintiff in New York was simply in execution of that agreement, and as is said in *Dickinson* v. *Edwards* (p. 580) in citing *Tilden* v. *Blair*, the designation of the place of payment of the note was an incidental circumstance, for the convenience of the maker and not an essential part of the contract or with the intent to affix a legal consequence to the instrument. It cannot be contended that a party who goes into another State and there makes an agreement with a citizen of that State for the loan or forbear-

ance of money, lawful by the laws of that State, can render his obligation void by making it payable in another State according to whose laws the contract would be usurious. Neither can it be claimed that because the obligation, instead of being signed in the State where the contract was made, is signed in another State and sent by mail to the place of the contract, it must be governed by the usury laws of the place where it was signed. The counsel for the appellant disputes the fact that the agreement for the giving of the note in suit in renewal of the $2,000 note which fell due, was made in Pennsylvania, but the findings and evidence clearly show that it was. The proposition for the renewal was made by the defendant at Honesdale, in writing, and there received by the plaintiff. In this proposition the defendant requested plaintiff's cashier to send defendant a new note to be signed, which the cashier did. The making of the new note by the cashier and forwarding it to the defendant for execution constituted a clear and definite acceptance of the proposition and made the agreement to renew complete. The sending of the note and check by defendant signed were an execution of this completed agreement. He says he sent the check under a previous agreement. The appellant seeks on this appeal to set up a defense to the note in suit on the ground that the original $10,000 note was an accommodation note and was discounted in violation of the agreement under which it was loaned, and that the plaintiff did not give full value for it, $2,000 of the proceeds of the discount having been applied to the payment of a precedent debt of the indorser. It is sufficient to say that the alleged facts on which this defense is based are not found by the referee, nor requested to be found, but that, on the contrary, the referee found that the $10,000 note was discounted by the plaintiff for value in the ordinary course of business, and no exception was taken to this finding.

The judgment should be affirmed.

All concur.

Judgment affirmed.