JEREMIAH SHELDON, RESPONDENT, *v.* WILLIAM E.
HAXTON, APPELLANT.

*Usury — validity of notes determined by the laws of the place where they are made.*

The defendant, having gone to the State of Illinois to receive money for the plaintiff, forwarded to him from time to time as the money was received, promissory notes, made and dated in Illinois and bearing interest at the rate of ten per cent per annum, a ratio of interest which was lawful in that State. One of the notes was made payable in this State, in the others no place of payment was specified.

In an action brought upon the notes in this State the defense of usury was set up.

*Held*, that the validity of the notes was to be determined by the laws of the State of Illinois, and that being valid there, they were valid and enforceable here.

APPEAL from a judgment in favor of the plaintiff, entered on the verdict of a jury, and from an order denying a motion for a new trial made upon the minutes of the justice before whom the action was tried.

The action was brought to recover the amount due on five promissory notes. The defense was usury. The plaintiff resides in Dutchess county ; the defendant had resided there, but before any of the transactions on which the action is based, sold his farm and removed to Illinois, and located at Kewanee, where he still lives.

*Herrick & Losey*, for the appellant.

*Henry M. Taylor*, for the respondent.

DYKMAN, J. :

A promissory note made, dated and payable here, by a resident of the State of New York with no view to its use elsewhere, but without restrictions in that respect and specifying no rate of interest, if discounted in another state at a rate of interest lawful there, but unlawful here, is usurious and void. So the Court of Appeals decided in this State in the year 1864. This decision was criticised with some severity after its enunciation, and some courts even refused it obedience. Then in 1879 the case of *Dickinson* v. *Edwards* (77 N. Y., 573) went to the Court of Appeals and the judge pronouncing the opinion said it was the brother of *Jewell* v. *Wright* (30 N. Y., 259), and he made a vigorous review of that case and of the cases in which it had been assailed, and concluded by reaffirming the doctrine there set up. This conclusion received the concurrence of the court and the controversy over that question is at end.

In 1880, the case of *The Wayne Co. Bank* v. *Low* was decided in the Court of Appeals (81 N. Y., 566) on a question akin to that involved in the other two cases mentioned. That was an action on a promissory note dated and made payable in New York, but for the express purpose of being used in Pennsylvania in payment of another note for the same amount then held by the plaintiff. It was discounted at the rate of eight per cent, a rate of interest lawful in that State, and yet the court held that it was not usurious. This was on the

ground that the note was a Pennsylvania contract, because it first had life in that State as a promissory note. In the opinion in this case, mention was made of the two . cases of *Jewell* v. *Wright* and *Dickinson* v. *Edwards*, neither of which was disapproved, and the distinction between the cases was clearly pointed out and shown.

In the case now here we have an action on five promissory notes, all made and dated at Kewanee, in the State of Illinois, with interest at ten per cent, and without place of payment specified, except in one which is payable at Poquag, in this State. The defendant went from this State to the State of Illinois, received there money belonging to the plaintiff, and forwarded these notes in suit therefor, from time to time as the money was received. . So that the obligation, for the discharge of which these notes were given, had its origin there, and the notes themselves were there made by the defendant when he was there, either temporarily or as a resident.

The defense is usury, and at the Circuit the plaintiff had a verdict. As the charge was given it must be assumed here that the jury found that the transaction was not a cover for usury, and that in the State of Illinois the rate of interest reserved was not unlawful.

The question is, what jurisdiction shall give the law of the contract. In other words, are these notes Illinois contracts, for if they are, the *lex loci contractus* gives the rule of government including the rate of interest. These notes were all made in the State of Illinois and there had inception as valid legal contracts. They are therefore valid wherever taken, and as the action on them is here our courts must enforce the contract. The designation of a place of payment in one of the notes is not an essential part of the contract and cannot be given legal consequence.

In the case of *Wayne Co. Savings Bank* v. *Low*, it is said : " It cannot be contended that a party who goes into another State and there makes an agreement with a citizen of that State for the loan or forbearance of money lawful by the laws of that State, can render his obligation void by making it payable in another State according to whose laws the contract would be usurious.

We think the whole teaching of that case is in favor of the plaintiff here. Besides that, in the case of *Pratt* v.. *Adams* (7 Paige, 617), it was held that a promissory note made in New Orleans, pay-

able in New York, with ten per cent interest, was not void for usury. To the same effect is *Cutler* v. *Wright* (22 N. Y., 472).

Our conclusion is that these promissory notes were Illinois contracts, valid there and valid everywhere, and that the defense of usury cannot prevail against them here.

The judgment must be affirmed, with costs.

GILBERT, J., concurred; BARNARD, P. J., not sitting.

Judgment and order denying new trial affirmed, with costs.