Wallace, J.
[After stating the facts and deciding in favor of the Finance Company’s title to the eighty bonds upon the evidence :] It is conceded by counsel for both parties that the loan was made upon an usurious consideration if the agreement was a New York contract, that is, if its legality is to be tested by the law of New York. The agreement was not usurious if it was a Rhode Island contract. The argument for the plaintiff is that it is a New York contract because the notes are payable in New York, and because New York is the place of the substantial performance of the controlling provisions of the tripartite agreement. The argument for the defendant is that it is a Rhode Island contract because the notes and contract were made in Rhode Island and the notes were negotiated there.
There was no purpose on the part of any of the parties in making the contract .in Rhode Island to evade the usury laws of New York. The complainant was a citizen of Ohio, and came to Providence because the defendants lived there, and the negotiations were closed and the instrument formally executed there, and the notes were delivered there as a matter of business convenience.
It does not seem necessary to enter upon a discussion of the subject of the lex looi contractus as determined by the place of the making or the place of the contemplated performance of the contract. The general rules which control, and their exceptions, are familiar, but the books are full of *310 conflicting illustrations of their application to the particular case.
The primary rule is that the validity of a contract is to be determined by the law of the State in which it is made ; if it is valid there, it is deemed valid everywhere and will sustain an action in the courts of a State whose laws do not permit such a contract (Scudder v. Union National Bank, 91 U. S. 406). If the contract is not itself immoral, although it is expressly prohibited by the statutes of the State in which the suit is brought,- the courts administering the comity of the State will not refuse to enforce such a contract made by its own citizens in a State the laws of which permit the contract (Greenwood v. Curtis, 6 Mass. 358 ; McIntyre v. Parks, 3 Met. 207; Akers v. Demond, 103 Mass. 318). The principal exceptions to the rule that a contract is to be governed as to its interpretation, its nature, its obligation, and its performance or dissolution by the law of the place where it is made, is that the law of the place where it is to be performed will govern the mode of performance because it is presumed that the parties had this law in contemplation when they entered into the contract. Inasmuch as this exception rests upon the presumed intention of the parties to conform to the rule of the local law in carrying the contract into efiect, it seems strange that it should ever have been treated as the criterion by which to ascertain whether the obligation is void for illegality. Phillimore says, that as it rests upon the presumption that the obligor has voluntarily submitted himself to a particular local law, the presumption may be rebutted, either by an express declaration to the contrary, or by the -fact that the obligation is illegal by that particular law though legal by another. The parties cannot be presumed to have contemplated a law which would defeat their engagement (4 Int. Law Sec. 654, pp. 471).
Generally the place of performance of a contract, when the contract is a promise to pay money is the place where the payment is to be made. Yet this is not always control *311 ling, and in some, cases the courts which have looked to the place of performance as the place of the contract treat the place of payment as an incidental circumstance and look behind the written instrument to ascertain what place the parties had in mind as the place of contract (Wayne Co. Savings Bank v. Low, 81 N. Y. 566 ; Western Transportation & Coal Co. v. Kilderhouse, 87 N. Y. 430). In both of these cases the State where the parties agreed upon the terms of a loan was held the place of the contract when the legality of an agreement to pay interest would have been usurious by7 the law of the State in which -the note evidencing the loan was made payable.
Without pursuing the general subject further,it suffices; that when the question is whether a contract is void for usury7 or not, the weight of authority is now decidedly to the effect that the parties to a loan who contract in one State and provide for payment in another may lawfully stipulate for interest according to the law of either State,—that where the contract is ¡nade, or that where the money loaned is to be paid,—as they may in good faith agree (Depau v. Humphries, 20 Martin, 1; Chapman v. Robertson, 6 Paige, 627 ; Peck v. Mayo, 14 Vt. 33 ; Townsend v. Riley, 46 N. H. 300 ; Kilgore v. Dempsey, 25 Ohio St. 413; Arnold v. Potter, 22 Iowa, 194). In Miller v. Tiffany (1 Wall. 298, 310), Mr. Justice Swayne delivering the opinion uses this language: “The general principle in relation to contracts made in one place to be performed in another is well settled. They are to be governed by the law of the place of performance, and if the interest allowed by the place of 'performance is higher than that permitted at the place of contract, the parties may stipulate for the higher interest without incurring the penalties of usury. The converse of this proposition is also well settled. If the rate of interest be higher at the place of contract than at the place of performance, the parties may lawfully contract in that case also for the higher rate. These rules are subject to the qualification *312 than the parties act in good faith,' and that the form of the transaction is not adopted to disguise its real character.”
Adopting these decisions as controlling in the present case it must be held that the contract here, being valid by the law of Rhode Island where it was made, is not affected by the fact that the notes evidencing the loan were made payable in Hew York City.
The motion is therefore denied.