STAPLES *v.* NOTT *et al.*

(*Supreme Court, General Term, Fourth Department.* November, 1890.)

CONFLICT OF LAWS—RATE OF INTEREST.

Pursuant to an arrangement made in Washington, D. C., between plaintiff, a resident of that city, and defendant, a citizen of New York, for the renewal of a note held by plaintiff for a loan to defendant, a new note bearing interest at 7 per cent. was drawn by defendant, payable at a bank in New York, to the order of a party who resided in that state, and who indorsed and mailed the note to plaintiff, who then delivered up the old note. *Held,* that the question of interest was to be determined according to the law at Washington.[1]

Appeal from circuit court, Jefferson county.

Action by Oren G. Staples against Sylvester G. Nott and Copley A. Nott upon a note, made by the defendant S. G. Nott, and indorsed by the defendant C. A. Nott, a copy of which is as follows:

"$1,400. ·                                    WASHINGTON, D. C., April 5, 1889.

"Six months after date I promise to pay to the order of C. A. Nott, fourteen hundred dollars, at Jeff. Co. Nat. Bank, Watertown, N. Y., value received, with interest at 7 per cent. per annum until paid.          S. G. NOTT."

The defense is usury, in that the interest is 7 per cent. At the close of the evidence, the defendants moved that a verdict be directed in their favor. This motion was denied, and defendants excepted. Thereupon the motion of the plaintiff for a verdict in his favor was granted. The defendants did not ask to go to the jury on any question of fact. From the judgment entered in favor of plaintiff, the defendant Copley A. Nott appeals.

Argued before HARDIN, P. J., and MARTIN and MERWIN, JJ.

*M. M. Waters,* for appellant. *John C. McCartin,* for respondent.

MERWIN, J. The facts in this case are in the main undisputed. So far as there is any dispute about them, the verdict as directed is to be treated as the verdict in fact of the jury, as no request was made to go to the jury. *Dillon* v. *Cockroft,* 90 N. Y. 649. At Washington, where the note purports to have been made, it was lawful for the parties to agree that the rate of interest should be 7 per cent. The appellant however claims that the question as to the validity of the agreement as to interest should be determined upon the theory that it was a New York contract, and therefore usurious. The circumstances upon which he mainly relies are that the note was payable in this state, and that it was in fact signed and indorsed in this state. It appears that on the 5th April, 1888, the plaintiff, who lived at Washington, loaned to the defendant S. G. Nott $3,000, taking therefor a note for that amount dated at Washington, D. C., April 5, 1888, made by S. G. Nott to the order of and indorsed by C. A. Nott, payable one year after date at the National Metropolitan Bank, with interest at 7 per cent. No question is made as to the validity of this note. Some payments were made

[1] See note at end of case.

upon it, and, shortly before it became due, the maker applied to the plaintiff for a renewal as to the balance. He saw the plaintiff at Washington, and there the amount due on the old note was figured up, and the note in suit was then drawn by the plaintiff for the balance due, and handed to S. G. Nott, who took it and immediately went to Syracuse, in this state, where C. A. Nott resided. There S. G. Nott signed the note, and C. A. Nott indorsed it, and mailed it to the plaintiff. The understanding at Washington between plaintiff and S. G. Nott was that upon the return of the new note, so executed, the plaintiff would send to S. G. Nott the old one. The case of *Wayne Co. Sav. Bank* v. *Low*, 81 N. Y. 566, is quite in point. There, in pursuance of an arrangement made in Pennsylvania between plaintiff, a corporation of that state, and defendant, a resident of this state, for the renewal of a note held by the plaintiff, made by the defendant, the plaintiff's cashier wrote and sent by mail to defendant a note for him to execute and return. This note was dated and executed by defendant in this state, and was made payable here, and was returned to plaintiff by mail with a check to pay the discount. The discount was at a rate lawful in Pennsylvania, but greater than lawful interest in this state. It was held that as the note was executed to be used in Pennsylvania, the law of that state must control, and that therefore the note was not usurious. RAPALLO, J., says: "It cannot be contended that a party who goes into another state and there makes an agreement with a citizen of that state for the loan or forbearance of money, lawful by the laws of that state, can render his obligation void by making it payable in another state according to whose laws the contract would be usurious. Neither can it be claimed that because the obligation, instead of being signed in the state where the contract was made, is signed in another state, and sent by mail to the place of the contract, it must be governed by the usury laws of the place where it was signed." A similar doctrine is laid down in *Pratt* v. *Adams,* 7 Paige, 616; *Balme* v. *Wombough,* 38 Barb. 352, 363. In the present case the evidence warrants the finding that the note was executed to be used in Washington, in pursuance of an agreement there made, between the maker and plaintiff. The terms of the note, one of which was the rate of interest, were there agreed upon. The purpose for which the note was given was known to the indorser; he himself sent the note to the plaintiff. Upon its receipt by the plaintiff, and the surrender of the old note, the arrangement was completed. The indorser, as to this defense, has no greater rights than the maker. *Stewart* v. *Bramhall,* 74 N. Y. 87. There is no essential difference between this case and the *Wayne Co. Sav. Bank Case* above cited. No authority or consideration is presented by the appellant that would justify us in disregarding the authority of that case. It follows that the question of interest is to be determined according to the law at Washington, and consequently the note is valid. Judgment and order affirmed, with costs. All concur.

<hr/>

NOTE.

USURY—CONFLICT OF LAWS—GENERAL RULE. A personal contract is to be governed by the law of the place where it is made, as to its validity, nature, obligation, and interpretation, unless it is by its terms to be performed elsewhere, in which event it is to be governed by the law of the place where it is to be performed. Chapman v. Robertson, 6 Paige, 627; Jacks v. Nichols, 5 N. Y. 178; Davis v. Garr, 6 N. Y. 124; Curtis v. Leavitt, 15 N. Y. 9; Jewell v. Wright, 30 N. Y. 259; Dickinson v. Edwards, 77 N. Y. 573.

LAW OF PLACE OF PAYMENT. A promissory note or bill of exchange is ordinarily governed by the usury laws of the state where it is payable. Jewell v. Wright, 30 N. Y. 259. In this case, Wright made the note payable in New York to the order of Dunlap, who indorsed and delivered it to Taylor for the accommodation of the latter. The making, indorsement, and delivery all occurred in New York. Taylor took the note to Connecticut where he had it discounted. There was no evidence that the drawer and indorser intended the note to be used out of New York. On this state of facts, it was held that, though the note was negotiated in Connecticut, it was to be performed in New York, and was governed by the usury laws of that state. This decision was criti-

cised and disapproved in Bank v. Morris, 4 Thomp. & C. 182; Bowen v. Bradley, 9 Abb. Pr. (N. S.) 395, (Super. Ct. Buffalo;) Bank v. Low, 6 Abb. N. C. 76, (C. P. N. Y.) It was afterwards examined and approved by the court of appeals in Dickinson v. Edwards, 77 N. Y. 573. See, also, Pomeroy v. Ainsworth, 22 Barb. 119. A note made in New York, but dated in Florida, and payable there, is governed as to usury by the laws of that place. Cutler v. Wright, 22 N. Y. 472; following Curtis v. Leavitt, 15 N. Y. 9. See, also, Croninger v. Crocker, 62 N. Y. 151. An accommodation note made and delivered in York where it is payable, is governed by the law of New York as to the question of usury, though the note was negotiated in another state. Cloyes v. Hooker, 6 Thomp. & C. 448; following Jewell v. Wright, supra. Defendant loaned money to plaintiff in New York, both parties being residents of that state. Afterwards, while defendant was temporarily in Connecticut, the loan was renewed, and notes therefor were given payable in New York. *Held* that, even if the renewal contract was made in Connecticut, it was made with reference to the New York laws, which governed on the question of usury. Jacks v. Nichols, 5 N. Y. 178. A note made in Canada payable to plaintiffs, who resided in England, "with interest until paid in England," draws interest at the rate allowed by the law of England. Scofield v. Day, 20 Johns. 102. See, also, Fanning v. Cousequa, 17 Johns. 511.

WHERE NO PLACE OF PAYMENT IS SPECIFIED. A bond given in New York, secured by a mortgage of lands in Wisconsin, no place of payment being specified, is governed by the usury laws of New York. Cope v. Alden, 53 Barb. 350.

PRECEDENT DEBT ARISING IN ANOTHER STATE. A note executed, delivered, and made payable in New York, but given for a precedent debt arising in and owing to a resident of Dakota, is governed by the usury laws of New York. Bank v. Southwick, 67 How. Pr. 324.

LAW OF PLACE WHERE CONTRACT IS MADE. By the place where a note is made is not meant the place where it is written, signed, or dated, but the place where it is delivered, delivery being essential to its communication as an obligation. Marvin v. Mc-Cullum, 20 Johns. 288.

In Bank v. Lewin, 45 Barb. 340, the drawer of a bill of exchange, being indebted to plaintiff, gave the bill in Georgia, of which both the drawer and plaintiff were residents, drawn on defendant who resides in New York where he accepted the bill. The court held that the contract was made under the laws of Georgia, and would be governed thereby on the question of usury. This case is examined in Dickinson v. Edwards, 77 N. Y. 573, and the court say, on page 580, that "it was the purpose of all parties to the draft, when they made and accepted it, that it should be first used in another state than this wherein it was made payable, and that the place of payment named in it might be inferred to be incidental and not essential." In Balme v. Wombough, 38 Barb. 352, it was held that where a citizen of New York loaned money to a citizen of Minnesota, taking a note therefor payable in New York, the question of usury would be governed by the Minnesota law. In Bank v. Low, 81 N. Y. 566, affirming 6 Abb. N. C. 76, (referred to in the opinion above,) the court distinguishes the cases in which it was held that the usury laws of the place where a bill or note is payable will govern, from those where it was held that the laws of the place where the contract was made will control. In the first class of cases, notes were made payable in New York for the accommodation of the payees, and were discounted in another state, but there was no evidence on the part of the accommodation makers that the notes should be used out of the state. In the second class, though the notes were payable in New York, they were intended to be used in another state where the contract was made. See, also, Le Baron v. Van Brunt, 9 Daly, 349.