### GRAND RAPIDS SCHOOL FURNITURE CO. v. HAMMERSTEIN.

(Common Pleas of New York City and County, General Term. May 2, 1892.)

CONFLICT OF LAWS—USURY.

> Notes executed, delivered, and made payable in New York, by a resident thereof, for the price of goods purchased from a foreign corporation, through its local agent in New York, are governed by the usury laws of New York.

Motion by plaintiff for leave to appeal to the court of appeals. Denied. For decision on appeal, see 17 N. Y. Supp. 949, mem.

Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.

John Holden, for appellant. George W. Gallinger, for respondent.

PRYOR, J. The action is by payee against maker, to recover interest upon two negotiable notes, the principal of which has been paid. The notes in suit were in renewal of others given by the maker, a resident of New York, for goods sold by the defendant, a Michigan corporation. The notes were made and payable in the state of New York, and by their terms reserved interest at the rate of 7 per cent. per annum. The plaintiff had a local office and agent in the city of New York, and the evidence indicates that the goods for which the original notes were given were sold in this state. So, likewise, it appears that the agreement for renewal was made in this state, and that the notes were delivered in this state. On this condition of fact the district court held the notes to be void for usury, and, its judgment for the defendant having been affirmed by us on the hearing, we are now moved to allow the defendant to take the case to the court of appeals. The principle is elementary that the validity of a contract depends upon the law of the place of execution and performance. Hence, where a note made and payable here is negotiated in another state, the laws of New York are to control as to the defense of usury. Jewell v. Wright, 30 N. Y. 259; Dickinson v. Edwards, 77 N. Y. 573, 578; Bank v. Lacombe, 84 N. Y. 367. The defendant alleges, however, that, since the notes in suit were given in performance of an agreement of renewal and forbearance, their validity is to be determined by the law of the place of that agreement. Bank v. Low, 81 N. Y. 566, 572; Coal Co. v. Kilderhouse, 87 N. Y. 430, 436. But the rule relied upon is not inimical to the judgment, because it appears by uncontradicted evidence that the contract of forbearance was made in this state, and that here the plaintiff's agent procured the renewal note. The case, then, is this: In pursuance of an agreement in this state, for forbearance of a debt contracted in this state, the defendant executed and delivered in this state notes payable in this state, by which interest was reserved at a rate not allowable by the law of this state. That the validity of the notes is to be determined by the law of this state, and that by that law they are condemned as usurious and void,

are propositions so plain and incontrovertible that we should be reprehended did we presume to submit them to the court of appeals for argument and adjudication. Motion denied, with costs. All concur.