THOMPSON v. WARD et al.

(Supreme Court, Trial Term, New York County     December, 1900.)

1. USURY—GOVERNING LAW.
    Usury is no defense to a note that is not usurious under the laws of the state where it was made and is payable.

2. TRIAL—FORM OF FINDINGS—ANSWER—OBJECTION.
    No objection having been made to the form of proposed findings when submitted to the jury, nor to the answers thereto when returned, objection could not be made thereafter.

Action by William C. Thompson against J. Carlton Ward and another. Judgment for plaintiff.

Harrison & Fessenden, for plaintiff.
Foley & Powell, for defendants.

McADAM, J. The action is on a promissory note made by the defendants in these words:

"$4,000.                      Superior, Wisconsin, January 16th, 1898.

"On the sixteenth day of January, 1898, for value received, we promise to pay Frank Van Derzee or order the sum of four thousand (4,000) dollars, with interest thereon at the rate of eight per cent. per annum from date hereof until fully paid; said interest payable semiannually, according to the tenor of ten interest coupons hereto annexed, viz. each for the sum of one hundred and sixty (160) dollars, bearing even date herewith; both principal and coupon notes payable at the Bank of Superior, Superior, Wisconsin."

The note was made and delivered at Superior, Wis., was payable there, and was essentially a Wisconsin contract, governed by its laws as to validity. The parties have by stipulation admitted that the laws of Wisconsin as to usury and interest provide that "the rate of interest is 6 per cent. upon any loan or forbearance of any money, goods or things in action, but the parties may contract for any rate of interest not exceeding 10 per cent., in which case such rate must be clearly expressed in writing." The parties here contracted for 8 per cent., which is clearly expressed in the obligation, according to the Wisconsin statute; and as the contract was lawful at the place where the note was drawn, negotiated, and made payable, it is enforceable everywhere. Daniel, Neg. Inst. § 868; Bank v. Griswold, 72 N. Y. 472; Sheldon v. Haxtun, 91 N. Y. 124; Cutler v. Wright, 22 N. Y. 472; Bowen v. Bradley, 9 Abb. Prac. N. S. 395; Bank v. Low, 6 Abb. N. C. 76, affirmed in 81 N. Y. 566; Tilden v. Blair, 21 Wall. 241, 22 L. Ed. 632. The question whether a contract is usurious depends not upon the amount of interest allowed, but upon the validity of the interest in the country or state where the contract is made and is to be executed. Story, Confl. Laws, §§ 291, 292; Tyler, Usury, p. 84; Balme v. Wombough, 38 Barb. 352; 7

Wait, Act. & Def. p. 623, § 151; Cartwright v. Greene, 47 Barb. 9. As the 8 per cent. interest called for by the contract was valid in Wisconsin, it is recoverable here. Balme v. Wombough, supra; Cartwright v. Greene, supra. This is so because where the instrument, in terms, bears interest, it is as much part of the debt as the principal. Daniel, Neg. Inst. §.919. It must be evident, therefore, that the reservation of 8 per cent. interest furnishes no foundation for the defense of usury, and such defense wholly fails.

Nathaniel W. Whitmore undoubtedly parted with the entire amount of the note on the faith and security thereof, and became a bona fide holder of the same, and there is no evidence establishing the fact that he, or any one authorized by him, agreed to apply the money advanced to obtain releases from the blanket mortgage which covered the Wisconsin property owned by the defendants, as claimed by them in their answer. The jury, by their special verdict, found that the money advanced for the note was given to Frank Van Derzee, the payee of the note, who was authorized to receive it. This is not inconsistent with the second finding by the jury, for Samuel C. Whitmore, mentioned in the second finding, was present at the time of the consummation of the loan; and even though on the negotiation of the note the money was handed to him in the presence and by the direction of Van Derzee, as intimated by one of the witnesses, the legal effect is the same as if it had been given to Van Derzee personally, particularly in view of the fact that the note was delivered simultaneously with such payment. No objection was made to the proposed findings when submitted, nor to the answers thereto when returned by the jury. If objection had been made, the findings might have been sent back to correct any alleged inconsistency. That was the time for objection to form, not now. Nathaniel W. Whitmore became the bona fide holder of the note, and the plaintiff by means of the transfers alleged in the complaint subsequently became the legal owner of it, whether before or after maturity being of no materiality whatever. Daniel, Neg. Inst. § 803; Inhabitants of Montclair Tp. v. Ramsdell, 107 U. S., at page 157, 2 Sup. Ct. 399, 27 L. Ed. 434; 8 Wait, Act. & Def. p. 124, § 20.

Upon the special findings of the jury and the evidence there must be judgment in favor of the plaintiff for $4,923, the amount claimed and interest, with costs.